# The North American Fire Insurance Company

*v.*

## Christoph Zaenger.

1. **Insurance, fire**—*condition of warranty construed.* A policy of insurance, against loss by fire upon a building, contained a condition that if, during the continuance of the policy, the premises should be occupied or used so as to increase the risk, or should become vacant and unoccupied, or the risk increased by any other means within the control of the assured, etc., the policy should become void: *Held,* that the condition was in the

nature of a warranty by the assured that the house should not become vacant, if within his control or power to prevent it.

2. SAME. In such a case, the house, which had been previously occupied by a tenant, became vacant some three weeks before the loss: *Held,* that, before the assured was entitled to recover, he should have shown that the vacation was beyond his control. The terms of the lease may have expired, or the tenant left by his consent. If the tenant left without his consent, he should have made some effort to procure another tenant, or otherwise to have the house occupied.

3. EVIDENCE—*where admitted generally, to be considered for all purposes.* In a suit to recover for a loss under a policy of insurance, the plaintiff introduced in evidence generally his own affidavit of the loss made to the company, which showed that the house had become vacant some three weeks before the loss. There was no attempt made to limit the effect of this evidence to the fact that the preliminary proofs had been made: *Held,* that the effect of such evidence could not be limited, but was to be considered in all its parts, and effect given to all that it proved or tended to prove, even though it defeated plaintiff's right to recover.

WRIT OF ERROR from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

Mr. J. BAKER, for the plaintiff in error.

Mr. G. KŒRNER, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought by defendant in error in the St. Clair circuit court against plaintiff in error, on a policy of insurance. The policy, amongst others, contained this condition:

"Or if during the continuance of this policy the above mentioned premises shall be occupied or used so as to increase the risk, or shall become vacant and unoccupied, or the risk be increased by the erection or occupation of neighboring buildings, or by any means whatever within the control of the assured, without the assent of this company endorsed hereon, etc. * * * then, and in every such case, this policy shall be void."

30—63D ILL.

And the declaration, among other things, "avers that plaintiff has not, during the continuance of said policy, permitted the said premises to be occupied or used so as to increase the risk, or to become vacant or unoccupied, or the risk to be increased by the erection or occupation of neighboring buildings, or by any means whatever within his control."

On the trial, defendant in error introduced and read in evidence his statement, under oath, of the loss, in which he says "there was no person living in the house at the time, the tenant having left some three weeks before the fire." There is no averment or proof that the house was vacant and unoccupied with the assent of the company. This condition is in the nature of a warranty by the assured that the house should not become vacant if within the control or power of the defendant in error to prevent it. This is the fair and reasonable import of the language, and is the construction the pleader, in drawing the declaration, has put on this condition, as he avers that the house did not become vacant by any means under his control.

To recover, then, it was necessary that this condition should be performed, or it should have been shown that the vacation of the house was beyond the control of defendant in error. That was his undertaking, and he was bound to observe it. When he introduced his own affidavit in evidence, he proved that the house was and had been vacant for some three weeks, and he made no proof that it was beyond his control. For aught that appears, the tenant may have left with his consent; or that the time for which the tenant had leased the property had expired, and defendant in error had taken no steps or made any effort to procure another tenant, or in any manner to have the house occupied. Having proved the house was vacant, he should have then proved that it was so by means beyond his control.

It is, however, insisted that there was no evidence that the house was vacant. The affidavit of defendant expressly states that it was vacant when the fire occurred; but it is said that

the affidavit of loss was only introduced to show that the preliminary proofs had been made, and nothing more. The record does not state for what purpose it was introduced, but it seems to have been as evidence generally. The record states that defendant in error introduced that and other papers in evidence. Even if its introduction could be limited to a particular purpose, so as to prevent such portions as operated against defendant in error from being considered by the jury, which we are not prepared to say might be done, still no effort was made in this case to limit its effect. It was introduced as evidence, and, like any other testimony, must be considered in all of its parts, and effect must be given to all it proves or tends to prove. Had he called a witness to prove that he had made the preliminary proofs, and he had stated the house was and had been vacant for three weeks before the fire, we presume no one would say that it was not legitimate evidence, and no distinction can be taken between the two kinds of evidence. There was a defect in the proof to authorize a recovery.

It did not, under the terms of the condition, require the consent of defendant in error that the premises might become vacant, to avoid the policy; but it required that they should continue occupied unless defendant in error should, without fault, be unable to prevent their becoming vacant. Defendant in error was required to prove that the vacancy of the premises was beyond his control. Hence, the instructions of the court which announce a different rule were erroneous and calculated to mislead the jury, and should not have been given.

The judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*