# American Central Insurance Company

## v.

## Lawrence Clarey.

*Insurance—Condition—Vacancy—Negligence.*

In an action on a policy of fire insurance, it is *held:* That, under a clause providing that the policy should become void if the house should become vacant or unoccupied, the owner can not be charged with *laches* in regard to a vacancy occasioned by the removal of his tenant on the day of the fire without the knowledge of the plaintiff.

[Opinion filed December 8, 1888.]

Appeal from the Circuit Court of Knox County; the Hon. John J. Glenn, Judge, presiding.

On the 27th day of May, 1886, the American Central Insurance Company issued the policy of insurance offered in evidence, insuring the dwelling of Lawrence Clarey for the period of one year, the property insured being described in the policy as "a dwelling house occupied by a tenant."    On the 19th day of April, 1887, at about 10 o'clock P. M., the insured premises were destroyed by fire.    At the time of the fire the house was vacant and unoccupied.

Prior to the fire the house had been occupied by one Elijah Sprinkle, a hired man in the employ of Lawrence Clarey. Sprinkle, however, moved out of the house between the hours of eight and ten o'clock in the forenoon on the day the

fire occurred, and as the proof shows, without the knowledge of the appellee, the house remaining vacant and unoccupied up and until it was destroyed. Under these facts, appellants suggested to the court the following proposition of law, which was by the court marked "refused":

"If the court finds from the evidence that the premises insured became vacant and unoccupied on the 19th day of April, 1887, about the hour of 10 o'clock A. M., and that they were destroyed by fire about the hour of 10 o'clock P. M. of said day, and at that time they were also vacant and unoccupied, then, under the policy offered in this case, the law is that the plaintiff can not recover."

Mr. Forest F. Cooke, for appellant.

The policy introduced in evidence in this case is the contract entered into between the company and Lawrence Clarey. Its provision that, "if the premises be, or become vacant or unoccupied," that then the policy should become void and of no effect, was a warranty on the part of appellee, binding upon him, a condition, the strict fulfillment of which was a condition precedent to a recovery, under the policy sued on. The condition was plain, intelligent, reasonable, unambiguous, and it being entered into by parties competent to contract, should be enforced. If the premises at the time they were destroyed were vacant and unoccupied, as concededly they were, then no matter over what length of time the vacancy and unoccupancy had extended, the company can not be called upon to respond. Appellee knew when he accepted the policy, that appellants would not bear loss that occurred while the property was vacant or unoccupied, no matter under what circumstances the vacancy occurred. In support of the proposition of law suggested to the court on the trial of this cause, and which was by the court marked refused, we cite the following authority, which we confidently believe sustains appellant's position in the case: Niagara Fire Insurance Co. v. Drda, 19 Ill. App. 70 ; Hartford Fire Ins. Co. v. Walsh, 54 Ill. 168; Hartford Fire Ins. Co. v. Webster, 69 Ill. 392; Cook v. Continental Ins. Co., 70 Mo. 610; McClure v. Water-

town Fire Ins. Co., 90 Pa. St. 277; Ætna Ins. Co. v. Myers, 63 Ind. 238; Farmers Ins. Co. v. Wells, 42 Ohio St. 519; Wood v. Hartford Fire Ins. Co., 13 Conn. 533; The Glendale Manfg. Co. v. Protection Ins. Co., 21 Conn. 18; Marshall on Insurance, 249; Ripley v. Ætna Ins. Co., 30 N. Y. 158; Herrmann v. Adriatic Fire Ins. Co., 85 N. Y. 162; Ashworth v. Builders' Mut. Fire Ins. Co., 112 Mass. 422; Harrison v. City Fire Ins. Co., 9 Allen, 231.

Mr. J. A. McKenzie, for appellee.

Even had the pleas relied upon avoided the policy by reason of the premises having become vacant or unoccupied, before the policy would be null and void for that reason, it must be such a vacancy and unoccupancy as would reasonably be understood as contemplated by the insurer and the assured. It is not every unoccupancy that avoids the policy.  "A practical occupancy, consistent with the purposes or uses for which it was insured, was intended."  Wood on Ins., 209; Whitney v. Black River Ins. Co., 9 Hun, 39 ; Stupetski v. Trans. At. F. Ins. Co., 43 Mich. 373.

This building was insured as a tenement house and the usual and ordinary risks and vacancies incident to a change of tenants was to be expected, and was in the minds of the contracting parties.  Gates v. Mattison Mut. Ins. Co., 5 N. Y. 469; Joice v. Maine Ins. Co., 45 Me. 168.

This house was insured as being occupied by a tenant.  In the case last above cited, the court say: "It would be unreasonable to imply that the defendant entered into the contract with the expectation that the then tenant was to continue in the occupancy during the running of the policy, in the absence of anything showing that sort of understanding."

"The object of courts, when enforcing a provision in a policy like this, should be, to endeavor to so construe it as to give effect to what might reasonably be supposed to have been the intention of the parties when they consented to it."  Phœnix Ins. Co. v. Tucker, 92 Ill. 71.

Even when a school house or church is insured with the provision making the policy void if they become vacant and

unoccupied, a vacancy or unoccupancy of the church from Sunday until Sunday, or of the school house from Friday until Monday, would not avoid the policy, because such unoccupancy or vacancy would be in the minds of the contracting parties. American Ins. Co. v. Foster, 92 Ill. 337; Whitney v. Black Riv. Ins. Co., 72 N. Y. 118.

LACEY, P. J. The court before which the cause was tried gave judgment against the appellant for the amount of the insurance, and to reverse that judgment this appeal is taken.

The only cause insisted on for reversal is the refusal of the court to give the above proposition of law asked for by the appellant. Whether or not the court erred in such action depends upon the construction to be given to the clause in the insurance policy in regard to the policy being void in case the house should become vacant.

The clause under consideration reads as follows:

"This policy shall be null and void if the premises shall be used or occupied so as to increase the risk, or be or become vacant or unoccupied, or cease to be used or occupied for the purposes herein, or if it be a manufacturing establishment and shall run in whole or in part at night or over extra time, or if it shall cease to be operated, or the risk be increased by the erection or occupation of neighboring buildings, or by any means within the knowledge or control of the assured."

As we understand it, the proper interpretation to be given to the above provision of the policy is that the last clause refers back to and modifies the preceding clauses, and in doing so, modifies the clause regarding the vacancy. Therefore it should be construed to read: "The policy shall become void if the house shall become vacant by any means within the knowledge or control of the assured to prevent." That is, if he could prevent it and did not, the policy should become void. It is evident, therefore, that the assured, not having any knowledge of the vacation of the house by the tenant, and it being vacant so short a time before the fire that he could not discover the fact and place a tenant therein, he should not be held to *laches* in regard to the vacancy. The proposition of law was therefore properly refused and the court committed no error

in doing so. A similar provision in an insurance policy has been construed as we interpret this, in N. A. F. Ins. Co. v. Ziegler, 63 Ill. 465. The policy construed in N. F. Ins. Co. v. Drda, 19 Ill. App. 70, is not set out in the opinion, and we can not say whether it is the same as the one in this case or not; but, however that may be, this court must be governed by the decisions of the Supreme Court. This being the only question involved in this case and being decided adversely to the appellant, the judgment of the court below is affirmed.

*Judgment affirmed.*