LIVERPOOL & LONDON & GLOBE INSURANCE COMPANY
v. JOHN A. BUCKSTAFF.

FILED OCTOBER 24, 1893.    No. 4145.

1. **Review**: TRIAL TO COURT: ADMISSION OF INCOMPETENT TESTIMONY. A cause tried without a jury will not be reversed for the admission of incompetent testimony.

2. **Insurance**: BUILDING VACANT OR UNOCCUPIED. A policy of insurance provided that it should be void if the premises became vacant or unoccupied without the written consent of the company should be indorsed. The tenant occupying the insured building partially moved out the day before the fire, leaving in the building a portion of his furniture. *Held*, That the premises were not vacant or unoccupied within the meaning of the policy.

ERROR from the district court of Lancaster county. Tried below before CHAPMAN, J.

The facts are stated in the opinion.

*Harwood, Ames & Kelly*, for plaintiff in error, contending the building was vacant or unoccupied within the meaning of the policy and that the company is not liable, cited: *Farmers Ins. Co. v. Wells*, 42 O. St., 519; *American Ins. Co. v. Padfield*, 78 Ill., 167; *Ashworth v. Builders Mutual Fire Co.*, 112 Mass., 422; *Corrigan v. Connecticut Fire Ins. Co.*, 122 Mass., 298; *Ætna Ins. Co. v. Meyers*, 63 Ind., 238; *Cook v. Continental Ins. Co.*, 70 Mo., 610;

Liverpool & London & Globe Ins. Co. v. Buckstaff.

*Dennison v. Phœnix Ins. Co.*, 52 Ia., 457; *McClure v. Watertown Fire Ins. Co.*, 90 Pa. St., 277; *Keith v. Quincy Mutual Fire Ins. Co.*, 10 Allen [Mass.], 228.

*Chas. O. Whedon, contra.*

NORVAL, J.

This is an action upon a fire insurance policy issued by the plaintiff in error upon the same building covered by the policy sued on in the case of *German-American Insurance Co. v. Buckstaff*, 38 Neb., 135, decided herewith. The stipulations in the policies are substantially alike, and the issues presented by the pleadings in the two cases are the same. By agreement of parties this cause was submitted to the trial court on the evidence taken in that suit. There was judgment for plaintiff in the sum of $1,694.82.

What is said in the opinion in the case above referred to bearing upon the charge of the court does not apply to the case before us, nor will a cause tried to the court be reversed for the admission of incompetent testimony. (*Enyeart v. Davis*, 17 Neb., 228; *Willard v. Foster*, 24 Neb., 213.)

It is claimed that the building was vacant and unoccupied without the consent of the company. The proof shows that when the policy was written, and from thence until about the time of the loss, the building was occupied and used as a hotel by one William Splain, a tenant of the plaintiff. The hotel was closed to the public on October 20th, and the tenant moved out on that day or the following, and the building thereby became unoccupied, except a portion of the furniture and other personal property remained therein at the time of the fire, which occurred on the night of October 21st. As to just what amount of property was in the building when it burned the evidence is conflicting. That introduced by the plaintiff tends to prove that a considerable portion yet remained, while there is other evidence

which goes to show that all the personal effects belonging to the tenant were removed, except a table, some broken bedsteads, a few dishes, and a lot of broken crockery. There was also evidence to the effect that the tenant had paid up his rent to November 1st, while there is to be found other testimony contradicting this, and tending to show that Mr. Splain was in default in the payment of rent, and that a few days before the loss he was notified by the plaintiff to quit the premises. The plaintiff had not taken possession of the building, nor had he received the keys therefor from the tenant. Of course it was competent for the trial court to pass upon the conflicting evidence and determine what should be believed and what rejected. The finding being in favor of the plaintiff, we must regard as established every fact which the testimony in his favor tends to prove.

Is the company relieved from liability for the loss by reason of the condition in the policy declaring the policy void if the insured premises, during the term of the insurance, should become vacant or unoccupied without notice to, and consent of, the company in writing?

In *Springfield Fire & Marine Ins. Co. v. McLimans*, 28 Neb., 846, it was held that a temporary vacancy of a building will not defeat a recovery upon a policy. And there can be no doubt, both upon reason and authority, that such is the rule. Some of the authorities hold that the vacancy of a building during the time necessary for the changing of tenants of the assured will be fatal under the ordinary terms and conditions in a fire insurance policy. But we are unwilling to go that far. It seems to the writer that such a temporary vacancy was a contingency contemplated by the parties, and against which the provision was not intended to apply. Many recent authorities so hold.

In *Hotchkiss v. Phœnix Insurance Co.*, 76 Wis., 269, Lyon, J., in construing the term " vacant or unoccupied " in an insurance policy, observes: " Under certain circumstances

premises may be vacant or unoccupied, when under other circumstances premises in like situation may not be so within the meaning of that term in insurance policies. Thus, if one insures his dwelling house, described in the policy as occupied by himself as his residence, and moves out of it, leaving no person in the occupation thereof, it thereby becomes vacant or unoccupied. But if he insures it as a tenement house, or as occupied by a tenant, it may fairly be presumed, nothing appearing to the contrary, that the parties to the contract of insurance contemplated that the tenant was liable to leave the premises, and that more or less time might elapse before the owner could procure another tenant to occupy them, and hence that the parties did not understand that the house should be considered vacant and the policy forfeited or suspended, according to its terms, immediately upon the tenant's leaving it. This distinction is made in some of the cases,—in *Lockwood v. Middlesex Mutual Assurance Co.*, 47 Conn., 561; *Whitney v. Black River Ins. Co.*, 9 Hun [N. Y.], 39; 1 Wood, Ins., sec. 91, pp. 208–10, and cases cited."

The following sustain the above doctrine: *Traders Ins. Co. v. Race*, 29 N. E. Rep. [Ill.], 846; *Home Ins. Co. v. Wood*, 47 Kan., 521; *Doud v. Citizens Ins. Co.*, 21 Atl. Rep., 505; *Roe v. Dwelling House Ins. Co.*, 23 Atl., Rep. [Pa.], 718; *American Central Ins. Co. v. Clarey*, 28 Ill. App., 195; *City Planing & Shingle Mill Co. v. Merchants, Manufacturers & Citizens Mutual Ins. Co.*, 40 N. W. Rep. [Mich.], 777.

We are satisfied that the trial court was justified in finding that the premises were not "vacant and unoccupied" within the meaning of that term in the policy. The judgment is

AFFIRMED.