## Mrs. Conrad Schuermann v. Dwelling House Insurance Company.

1. INSURANCE—*Premises Vacant—Policy Suspended.*—Under policies of insurance with absolute provisions that the policies shall be void if any change takes place in the interest, title or possession of the property insured (except change of occupants without vacancy, or unoccupancy, or other increase of hazard), whether by legal process or judgment, or by

Schuermann v. Dwelling House Ins. Co.

voluntary act of the insured, or otherwise, or if the building insured, whether intended for occupancy by the owner or tenant, be or become vacant or unoccupied, or not in use, the rule is that the policy is suspended during the time the premises are vacant.

**Memorandum.**—Assumpsit. In the Superior Court of Cook County; the Hon. NATHANIEL C. SEARS, Judge, presiding. Declaration on policy of insurance. Pleas: (1) General issue. (2) That at the time of the loss of the property by fire, the building described in the policy of insurance was vacant and unoccupied, and that therefore the defendant is not liable. Trial by jury; verdict for defendant by direction of the court; error by the plaintiff. Heard in this court at the October term, 1894, and affirmed. Opinion filed December 20, 1894.

### STATEMENT OF THE CASE.

This is a suit brought by plaintiff in error against defendant in error upon an insurance policy to recover the amount of insurance provided in the policy for loss by fire of the building therein described while the policy was in force.

The only defense made by the defendant upon the trial of the case was that the premises were vacant and unoccupied at the time the fire occurred, and that the policy was therefore void, and forfeited on account of a condition therein. The condition of the policy upon which defendant relied for a forfeiture and avoidance of the policy, was as follows :

" This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void   *   *   *   if any change take place in the interest, title or possession of the subject of insurance (except change of occupants without vacancy, or unoccupancy, or other increase of hazard), whether by legal process or judgment, or by voluntary act of the insured, or otherwise,   *   *   *   or if the building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied or not in use."

The plaintiff lived at the time of the fire seven miles away from the property destroyed.

The house was rented as a tenement house and was occupied by several tenants of Mrs. Schuermann, each occupying

different parts of the house up to the time of and shortly before the fire.

The building was destroyed by fire on the night of the 21st of July, 1891. Mrs. Schuermann had three tenants in the house who had rented their respective parts and were entitled to remain in the house during the whole month of July.

A son of the plaintiff, who had charge of the renting of the houses, some time before the fire notified the tenants to move out, as plaintiff wished to fix the houses up.

The day before the fire, a carpenter, at the request of a son of the plaintiff, went through the houses for the purpose of making an estimate on the repairing of them; they were then entirely vacant, with the outer doors unfastened and the glass in most of the windows broken.

The court instructed the jury to find a verdict for the defendant, refusing all instructions asked by plaintiff.

BRIEF FOR PLAINTIFF IN ERROR, JOHN M. HAMILTON, ATTORNEY.

The court erred in instructing the jury to find for the defendant.

Whether the building was at the time of the loss vacant and unoccupied within the meaning of the policy is a question of fact to be determined by the jury. Rockford Ins. Co. v. Storig, 137 Ill. 650; Home Ins. Co. v. Field, 53 Ill. App. 121; Phœnix Ins. Co. v. Tucker, 92 Ill. 64; Western Ins. Co. v. Mason, 5 Brad. 141; Waite v. Agricultural Co., 13 Hun 371.

The burden of proof is on the insurance company to show vacancy or unoccupancy. Traders Ins. Co. v. Race, 142 Ill. 343.

Unless vacancy or unoccupancy is shown by the defendant by a preponderance of the evidence, the jury should find for the plaintiff upon that question. Rockford Ins. Co. v. Storig, 137 Ill. 650.

Since the object of an insurance contract is indemnity, no rule is better established than that in all cases the policy is

to be most liberally construed in favor of the assured. German Ins. Co. v. Miller, 39 Ill. App. 640.

Provisions like the one under consideration, in a policy of insurance, are for the protection and benefit of the insurer, and are inserted in its interest, and therefore when a forfeiture of the policy is sought because of a violation thereof, they are to be strictly construed—that is, construed most strongly against the insurer. In other words, no intendments will be indulged in favor of a forfeiture thereunder. Rockford Ins. Co. v. Storig, 137 Ill. 651.

BRIEF FOR DEFENDANT IN ERROR, HARBERT & DALEY,
ATTORNEYS.

The condition in the policy rendering it void in case the premises should become vacant or unoccupied, or not in use, is binding, and renders the policy void if violated. North American Fire Ins. Co. v. Zaenger, 63 Ill. 464; American Ins. Co. v. Padfield, 78 Ill. 167; Phœnix Fire Ins. Co. v. Tucker, 92 Ill. 64; Insurance Co. of North America v. Garland, 108 Ill. 220.

The term "occupied" always implies a substantial and practical use of the building for the purpose for which it was intended, and as contemplated by the terms of the policy. A dwelling-house is chiefly designed for the abode of mankind. It is occupied when human beings habitually reside in it, and unoccupied when no one lives or dwells in it. Sonneborn v. Insurance Co., 44 N. J. 225.

Occupancy of a dwelling-house is living in it. Supervision over it, and leaving a few articles of furniture in it, are not sufficient. Craig v. Springfield F. and M. Ins. Co., 34 Mo. App. 481; Cook v. Continental Fire Ins. Co., 70 Mo. 610.

A fair and reasonable construction of the language "vacant and unoccupied" is that it should be without an occupant; without any person living in it. This is the popular meaning of the language, as appears from the evidence. Several witnesses, knowing that no one was residing in it, testified that it was vacant, and so would the great majority, if not

all persons, say the same thing. The language is not used in a technical, but in a popular sense. American Fire Insurance Company v. Padfield, 78 Ill. 167; Phœnix Insurance Company v. Tucker, 92 Ill. 64.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The principal contention of plaintiff in error is that the assured had no notice that the premises were vacant, and consequently the provision of the policy that the policy shall be void if the premises be or become vacant or unoccupied or not in use is not applicable to this case.

While it is true that insurance policies are to be liberally construed in favor of the assured, they are at the same time to be reasonably construed. Heuer v. Westchester Fire Ins. Co., 44 Ill. App. 429.

To construe this policy to be the same as if it read, "this policy shall be void if the premises become vacant and the assured have notice thereof," would be not to construe the contract entered into, but to make a new compact.

We do not understand the authorities as sustaining the contention of appellant; on the contrary, under policies like this, where the provision is absolute, the rule is that the policy is suspended during the time at which the premises are vacant. May on Insurance, Sec. 249; Niagara Fire Ins. Co. v. Drela, 19 Ill. App. 70; North American Fire Ins. Co. v. Zaenger, 63 Ill. 464; American Ins. Co. v. Padfield, 78 Ill. 167; Phœnix Fire Ins. Co. v. Tucker, 92 Ill. 64; Insurance Co. of North America v. Garland, 108 Ill. 220; Sonneburn v. Ins. Co., 44 N. J. Law, 220; Richards v. Continental Ins. Co., 47 N. W. Rep. 350; Dennison v. Phœnix Ins. Co., 52 Iowa, 457; Snyder v. Firemen's Fund Ins. Co., 42 N. W. Rep. 630; McClure v. Watertown Fire Ins. Co., 90 Penn. St. 277–280; Bennett v. Agricultural Ins. Co., 50 Conn. 420; Farmers' Insurance Co. v. Wells, 42 Ohio St. 519.

It is manifest from a reading of the testimony of Henry Schaeler that the premises were not only vacant but that the difference between the risk of occupied dwellings and vacant houses left as these were, was great.

The plaintiff's son, who was her agent in renting the houses, told the tenants to move out. There is no evidence that he was directly authorized by the plaintiff to do this, but she, in testifying, neither repudiated his act nor denied that she had knowledge of it.

Without regard, however, to whether she had notice of the vacant condition of the premises, we think that, being vacant, the policy was suspended.

The judgment of the Superior Court is therefore affirmed.