# Home Insurance Company v. J. A. Mendenhall.

1. INSURANCE—*What is an Insurable Interest.*—A person who has entire possession of property, with the exclusive use and enjoyment of the same and a reasonable expectation of becoming the owner in fee, has an insurable interest therein.

2. SAME—*Nature of an Insurable Interest.*—It is not necessary that the assured should have either a legal or equitable interest, or indeed any property interest in the property insured. It is enough if he holds such a relation to it that its destruction by the peril insured against, involves pecuniary loss to him, or those for whom he acts. It need not be an existing *jus in re* nor *jus ad rem,* or interest vested; it is sufficient if it exists at the time of the insurance and loss,.although contingent and liable never to attach or be perfected by occupancy or possession.

3. SAME—*Nature of the Contract.*—The contract of insurance is applicable to protect persons against uncertain events which may in any wise be a disadvantage to them; not only those persons to whom positive loss may arise by such events occasioning the deprivation of that which they may possess, but those also, who, in consequence of such events, may have intercepted from them the advantage or profit which, but for such events, they would acquire, according to the ordinary and probable course of things.

4. SAME—*Who has an Insurable Interest.*—Any person has an insurable interest in property, by the existence of which he receives a benefit, or by the destruction of which he will suffer a loss, whether he has any title in, or lien upon, or possession of, the property itself.

5. SAME—*Vacant Premises.*—A building was occupied by a tenant whose term was to expire March 1st, and the owner had rented it to another tenant, who was ready to enter. The old tenant held over until March 2d, and the next day the new tenant went to the building and did some cleaning; on the 5th he placed some of his furniture in the house, put up a stove and made a fire therein, but, by reason of rain did not complete his moving that day. The night following the building burned. It was held that there was no such vacancy as vitiated the policy of insurance upon it.

6. SAME—*False Statements in Proofs of Loss.*—A false statement in proofs of loss made out by the adjuster and sworn to by the insured, concerning the title of the property insured, does not vitiate the policy where such statement arises from the negligence of the insured in not reading such proofs and there is no attempt or intention on his part to commit a fraud upon the insurer.

**Assumpsit,** on policy of insurance. Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding.

Home Ins. Co. v. Mendenhall.

Heard in this court at the May term, 1895. Affirmed. Opinion filed February 3, 1896.

*Propositions of law presented by the defendant below:*

(1.) That under the evidence the plaintiff had no insurable interest in the premises in controversy at the time the policy sued on was issued. Refused.

(2.) That under the evidence the said building in controversy had become vacant without notice to and without the consent of the defendant in writing when the loss occurred. Refused, but held building not vacant within the meaning of the terms of the policy.

(3.) That under the evidence the building in controversy had become unoccupied without notice to and without the consent of the defendant in writing when the loss occurred. Refused, but held the building not unoccupied within the meaning of the terms of the policy.

(4.) That the interest of the plaintiff in the property insured, whether as owner or trustee, consignee, factor, agent, mortgagee, lessee or otherwise was not truly stated in the policy. Held.

(5.) That the interest of the plaintiff in the property insured was not the entire, unconditional and sole ownership of the said property for the ·use and benefit of the plaintiff, and the interest of the plaintiff was not represented to the defendant and so expressed in the written part of said policy. Held, but also held that the interest of the plaintiff as it actually existed was fully disclosed and represented to the defendant before the policy was issued.

(6.) That the interest of the plaintiff in the property insured was not truly stated in said policy. Held.

(7.) That the plaintiff committed a fraud upon the defendant by falsely swearing, on the 9th day of December, 1889, before one T. C. Richardson, a notary public of the county of Sangamon, State of Illinois, that he, the plaintiff, was the owner in fee simple of a certain other building insured under said policy, which was destroyed by fire on the 30th day of November, A. D. 1889, whereby the plaintiff obtained from the defendant the sum of $1,556.83. Refused.

(8.) That under the plea of set-off and the evidence, the defendant is entitled to recover the sum of $1,556.83 paid to the plaintiff by the defendant under said policy, on account of the loss of the building destroyed by fire on the 30th day of November, A. D. 1889. Refused.

(9.) That the law of this case is with the defendant on the policy sued on. Refused.

(10.) That the law under the plea of set-off is with the defendant. Refused.

PATTON, HAMILTON & PATTON, attorneys for appellant.

CONNOLLY & MATHER, attorneys for appellee.

OPINION PER CURIAM.

This is an appeal from a judgment for $1,500, upon a policy of insurance against fire.

To the declaration, which is in the usual form, the defendant pleaded the general issue and five special pleas. The first of these latter alleged that the building was vacant or unoccupied, contrary to the terms of the policy; the second set up a clause in the policy whereby a forfeiture was declared in case the interest of the assured was not truly set out in the policy; the third set up a clause declaring a' forfeiture in case the interest of the assured was other than that of unconditional and sole ownership; the fourth set up a clause forfeiting the policy in case of fraud or false swearing and alleged that the plaintiff swore falsely in making proofs of loss on the occasion of a previous fire by which another building, included in the policy, had been destroyed; and the fifth was a formal plea of set-off under which the defendant proposed to recover back the money paid to the plaintiff on the former loss because of the alleged' false swearing in making the proofs, as averred in the fourth plea. Replications were filed, and the issues were submitted to the court, a jury being waived. The court found for the plaintiff and entered judgment accordingly, from which this appeal is prosecuted by the defendant.

It is argued in the appellant's brief, first, that the appellee had no insurable interest at the time of the issuance of the policy.

It appears from the evidence that the plaintiff was at the time he made the application in possession and control of the property; that he then resided upon an adjacent tract of land which had also been placed in his possession and control by his father, who held the legal title. The father, desiring that the plaintiff should have as much land as his other son, had bought the property in question at a master's sale a few days before the application was made, and though he had not then received a deed from the master he caused the plaintiff to be then possessed. That possession continued thereafter, it being the understanding between the

father and plaintiff that the latter was to have the property. The father so provided in his will, which was made, as the evidence tends to show, previous to this application.

At any rate it was settled that this land as well as the other tract was to be the plaintiff's, and he had full control of the same, and treated it as though he had the absolute title thereto. The facts as to his interest were stated to the agent through whom the insurance was effected and he was not misled as to the condition of the title.

The plaintiff had entire possession with the exclusive use and enjoyment and a reasonable expectation of becoming the owner in fee.

This very clearly gave him an insurable interest. It is said in Wood on Insurance, Sec. 266: " It is not necessary that the insured should have either a legal or equitable interest, or indeed any property interest in the subject-matter insured. It is enough if he holds such a relation to the property that its destruction by the peril insured against involves pecuniary loss to him or those for whom he acts. It need not be an existing *jus in re* nor *jus ad rem.*"

Again, in section 268, the same author says the interest need not be vested. It is sufficient if it exists at the time of the insurance and loss, though contingent, and liable never to attach or be perfected by occupancy or possession, and, quoting from a leading case, he adds that " the contract of insurance is applicable to protect men against uncertain events which may in any wise be of disadvantage to them; not only those persons to whom positive loss may arise by such events occasioning the deprivation of that which they may possess, but those also, who, in consequence of such events, may have intercepted from them the advantage or profit which, but for such events, they would acquire, according to the ordinary and probable course of things."

In the language of Mr. Justice Gray in the case of R. R. Co. v. Ins. Co., 98 Mass. 423:

" By the law of insurance, any person has an insurable interest in property, by the existence of which he receives a

benefit, or by the destruction of which he will suffer a loss, whether he has any title in, or lien upon, or possession of the property itself."

Further citation upon this point need not be made. The finding of the court that the plaintiff had an insurable interest is very clearly supported by the proof.

It is next argued in the brief that the appellee violated the condition in reference to vacancy, and for this reason the judgment should be reversed. The building was occupied by a tenant whose term was to expire on March 1st, and the plaintiff had rented it to another tenant who was ready to enter. The old tenant held over until Friday P. M., March 2d. The next day the new tenant went to the house and did some cleaning, and on Monday he placed some of his furniture in the house, put up a stove, and made a fire therein, but by reason of rain did not complete his move that day. That night the fire occurred.

We think there was no vacancy here such as should vitiate the insurance.

Such a clause must have a fair and reasonable construction, and as we regard it, there was, practically speaking, no vacancy.

It is argued by appellee that the forfeiture can not be insisted upon unless the vacancy (if any) was from some cause "within the control of the assured."

The entire clause reads as follows:

" Or if the above mentioned premises shall be occupied or used so as to increase the risk, or become vacant or unoccupied without notice to, or consent of, this company, in writing, or the risk shall be increased by the erection or occupation of neighboring buildings, or by any means whatever within the control of the assured, without the assent of this company indorsed hereon, * * * then, and in every such case, this policy shall be void."

Counsel for appellee cite Am. Cen. Ins. Co. v. Cleary, 28 Ill. App. 195, and N. A. F. Ins. Co. v. Zaenger, 63 Ill. 464, in support of his position that the phrase "or by any means whatever within the control of the assured" applies as well

to the provision against vacancy as to the other matters mentioned.

The clauses construed in those cases are very much like the one involved here—so much so that it is difficult to distinguish them from this, or to say that the construction there adopted should not prevail here.

If the present clause is to be so read, then this branch of the case is perfectly clear, as it is evident from the proof that the plaintiff was in no manner at fault for the situation of the property which the defendant characterizes as a vacancy. The outgoing tenant, by his delay and by his mode of proceeding, made it impossible for the new tenant to move in sooner.

But, as already stated, regardless of this question of construction, we are inclined to hold there was no vacancy, within the meaning of the policy, fairly and reasonably construed as it should be.

The point thirdly and lastly urged in the brief of appellant is that the plaintiff, in making proofs of loss as to the fire which occurred more than four years before that which caused the present loss, falsely swore that the building then destroyed belonged to him in fee simple, and therefore, under a provision of the policy that "all fraud or attempt at fraud by false swearing or otherwise shall cause a forfeiture of all claim on this company under this policy," the plaintiff was barred of recovery.

It appears that the proofs of loss upon which this defense is predicated were prepared by the adjuster, who knew the condition of the title, and the evidence strongly tends to show that the plaintiff, although he signed and swore to the document, which was very lengthy, did not know that it contained the statement in question.

He understood that the nature of his interest was well known when the insurance was effected, and he had no reason to suppose that it was necessary to make a further statement in regard to it.

He testified that when the adjuster was preparing the proofs of loss the latter inquired whether he had a deed to the land, to which he answered that the title was in his

father, and that it was so understood by the agent who took the risk, and the adjuster said that was all right.

In this the plaintiff is directly corroborated by two witnesses, who were present and claim to have heard the conversation.

This is denied by the adjuster.

Admitting that the plaintiff was negligent in not reading and fully comprehending all that was in the proof of loss before he signed it, still there is no reason to believe that he intended or attempted to commit a fraud upon the company. Nor indeed was any such fraud committed.

This objection is, as we think, without any sufficient foundation.

The defendant submitted ten propositions to the court and asked for its ruling thereon.

Some of these were held and some refused. We think none of them was a proposition of law, properly considered. All of them, more or less, involved questions of fact—and to some of them the court added a notation expressing the view entertained upon the point involved.

We are of the opinion that the court was fully warranted in its general conclusion as to the rights of the parties and in the special rulings upon these propositions.

The judgment is right on the merits and it must be affirmed.