### Merchants' National Ins. Co. v. J. E. Pearce.

1. PRACTICE—*Filing Additional Pleas.*—In an action upon a policy of insurance containing conditions upon which the policy becomes void, it is error to refuse a motion for leave to file an additional plea alleging a breach of a condition, presenting a complete defense to the action, and not raised by the pleas already on file.

2. ADMISSIONS—*Evidence of, When Proper.*—In an action upon a policy of insurance, where the cost of the articles destroyed is so involved under the issues as to make testimony of such cost competent, it is error to exclude evidence of admissions regarding the price paid by the insured for articles destroyed.

3. WAIVER—*Of Conditions Must be Pleaded.*—Under a plea alleging a breach of the conditions in a policy against keeping or using gasoline on the premises, the plaintiff filed only a traverse. Under this state of the pleadings it was error to admit testimony tending to show that the agent of appellant knew the fact, at the time the policy was issued and delivered, that gasoline was so kept, and had given appellee permission to keep it. Where a waiver is relied upon it should be raised in some proper way by the pleadings.

**Assumpsit,** on a policy of insurance. Trial in the Circuit Court of Saline County; the Hon. ALONZO K. VICKERS, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the February term, 1899. Reversed and remanded. Opinion filed Sepember 5, 1899.

J. AARON ADAMS and W. F. SCOTT, attorneys for appellant.

CHOISSER, WHITLEY & CHOISSER, attorneys for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action of assumpsit in the Circuit Court of Saline County, by appellee against appellant, on an insurance policy to recover for loss by fire. Trial by jury. Verdict and judgment in favor of appellee against appellant for $600.

The declaration is in the usual form, and the policy and conditions are set out *in haec verba.* The property insured was "saloon stock and fixtures." The policy contained many conditions; among them were the following:

"This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any fact or circumstance concerning the insurance or the subject thereof; or if the interest of the insured in the property is not truly stated herein, or in case of fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after the loss."

"This entire policy shall be void  *  *  *  if there be kept, used or allowed, on the above described premises, *  *  *  gasoline."

"This entire policy shall be void  *  *  .*  if the subject of insurance be or become incumbered, voluntarily or by operation of law, except for taxes;  *  *  *  or if any change other than by death of the insured take place in the interest, title, incumbrance, occupation or possession of the subject of insurance, whether by legal process, judgment or by voluntary act of the insured or otherwise."  *  *  *

To the declaration appellant pleaded non-assumpsit, and two special pleas—one alleging a breach of the first above quoted condition, in which plea it is averred as follows :

"That after the alleged fires and loss the plaintiff in his purported proofs of loss, subscribed and sworn to by him and furnished to the defendant, for the purpose of deceiving and defrauding the defendant, falsely swore that he had by the alleged fire, among other things, lost a mirror, back bar, counter, sink, beer chest, stove and pipe, and that at the time of the fire the actual cash value of said property was respectively as follows: The mirror, $215; back bar, $50; counter, $50; sink, $20; beer chest, $65, and stove and pipe, $20; whereas, in truth and in fact, each and all of said sworn valuations were greatly in excess of the actual cash value of said articles of property at the time of said fire, and said values were so falsely sworn to in excess of the actual cash value for the purpose of deceiving and defrauding the defendant by means of such false swearing; and by reason of such false swearing the said policy of insurance has become and is null and void, and no recovery can be had thereon by the plaintiff against the defandant for any loss or damage whatever."

And the other alleging a breach of the condition second above quoted, in which plea it is averred :

"That after the making and delivery of said policy to the plaintiff, and before and at the time of the fire, the plaintiff kept gasoline on said premises described in said policy of insurance; and by reason of the keeping of said gasoline on said premises, as aforesaid, by the plaintiff, said policy of insurance has become and is null and void, and no recovery can be had thereon by the plaintiff against the defendant for any loss or damage whatever."

Issue was joined upon all of these pleas, and before the trial commenced appellant presented to the court, and moved the court for leave to file, two additional special pleas, one alleging a breach of the condition third above quoted, in which plea it is averred :

" That during the continuance of said policy, the plaintiff incumbered the subject-matter of said insurance by a bill of ,sale. or chattel mortgage to one N. J. Brooks, for a large sum of money, to wit, the sum of $1,000, to indemnify the said Brooks for any loss or damage he might sustain by having signed the bond of the plaintiff as a dram-shop keeper; and by reason of such bill of sale or incumbrance the said insurance policy has become and is null and void, and no recovery can be had thereon by the plaintiff against the defendant for any loss or damage."

The court denied the motion and refused to allow the appellant to file such plea.

This plea set up, in apt time and in due form, a full and legally sufficient defense, and we fail to find in the record any valid reason why appellant should not have been allowed to file it and to present the defense set up therein. The refusal by the court to allow the appellant to file this plea and to make such defense is error.

It is urged by counsel for appellant that the court erred in refusing to allow it to file its other additional special plea tendered. That plea alleges also a breach of the first above quoted condition in the policy, and so far as it raises any material traversable issue, the same is embraced in the plea upon that subject, which had been filed by appellant, and upon which issue had been joined before the last plea was tendered. We are of opinion there was no material error in the refusal by the court to allow appellant to file this plea tendered.

Appellant had taken the deposition of one Albert Fairfield, and on motion of appellee the court suppressed certain parts of that deposition in which Fairfield detailed a conversation which he deposed had passed between himself and appellee, wherein appellee stated he had, some years ago, bought for $75, certain fixtures destroyed by fire and

for which he claimed on the trial a loss of $310, and which he swore in his proof of loss had actually cost him $310.

While the cost of the articles destroyed was not directly in issue, and was not in itself material, the honesty and *bona fides* of appellee's claim for the amount demanded by him for his loss, the truthfulness of his sworn proof of loss, and the proper weight and credit to be given to him, as a witness in the case, were all so involved under the issues, as made up in this case, and made testimony of such admissions on his part competent. The court erred in suppressing the parts of the deposition complained of.

Appellant contends that the mirror, back bar, counter, sink, beer chest, beer faucets, and such like, are not fixtures. Many authorities are cited and quoted upon the question of what are fixtures and what are not fixtures, and it is urged that the court erred in admitting evidence of the loss and value of such articles. It is not necessary in this case for us to examine into and discuss the question of what is or is not generally included within the legal meaning of the term fixtures. The evidence clearly shows in this case that these identical articles were insured by appellant and were by it designated in its policy as "saloon fixtures." This error is not well assigned.

To appellant's plea alleging a breach of the conditions in the policy against keeping or using gasoline on the premises appellee filed only a traverse. Simply denied that he did keep gasoline on the premises. Under this state of the pleadings, the court admitted testimony tending to show that the agent of appellant knew the fact, at the time policy was issued and delivered, that gasoline was so kept, and had given appellee permission to keep it. This was error. If appellee relied upon waiver or consent he should have raised such issue in some proper way in his pleadings.

The judgment of the Circuit Court is reversed and the cause remanded.