## C. H. Downs, Appellee, v. Michigan Commercial Insurance Company, Appellant.

1. EVIDENCE—*when offer of compromise competent.* An offer of compromise while it may be incompetent for the purpose of showing an

admission of liability, may none the less be admissible as tending to establish a waiver by an insurance company of a provision of a policy requiring immediate notice in writing of loss sustained.

2. PLEADING—*when waiver need not be specially pleaded.* Waiver of a condition in a policy of insurance in regard to furnishing proofs of loss need not be specially pleaded.

3. INSTRUCTIONS—*must not ignore issues.* An instruction is properly refused which ignores one of the principal issues in the cause.

4. INSURANCE—*when defense of non-ownership does not lie.* The company cannot interpose as a defense the fact that the insured was not an owner in fee as stated in the policy if it appears that through its agent it had full knowledge of the actual state of the title of the insured.

5. INSURANCE—*what insurable interest.* A party in possession under a bond for a deed has an insurable interest in the premises.

Assumpsit. Appeal from the Circuit Court of Williamson county; the Hon. M. W. THOMPSON, Judge, presiding. Heard in this court at the March term, 1910. Affirmed. Opinion filed August 5, 1910.

R. R. FOWLER and DENISON & SPILLER, for appellant.

PILLOW, SMITH & STONE, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

Appellee brought this suit upon a policy of insurance issued to him by appellant, for the amount of $550, of which amount $400 was placed upon a one story frame building and $150 upon the household goods contained therein, both house and contents having been destroyed by fire.

Appellant filed the general issue and also nine special pleas. The first three special pleas stated as a defense that the interest of appellee in the dwelling house was not truly stated in the .policy; that he was not the unconditional or sole owner of the property covered by the policy and did not own the real estate in fee simple; the fourth that appellee swore falsely as to the value of the house; the fifth, sixth, seventh, eighth and ninth that appellee failed to give notice and proof of the loss at the time and in the manner required by the terms of the policy. Appellee replied to the first

three special pleas stating that his true interest in the property was stated to appellant's agent at the time the policy was issued and if the policy did not state the interest correctly, it was the fault of appellant; that the papers showing appellee's interest in the premises were placed in the hands of appellant's agent at the time he issued the policy. To the other pleas a general traverse was filed. There was a verdict in favor of appellee for $400, for which amount judgment was rendered.

The proofs show that on November 20, 1908, appellee occupied premises in the suburbs of Marion, Illinois, which he had purchased a few months before from C. J. Owens, to whom he gave other property valued at $200 and delivered his five notes of $50 each, the first note being payable January 1, 1909, and one of the rest each year thereafter until all were due; that Owens gave him a bond for a deed to the property, conditioned upon the payment of the notes; that about the date above mentioned, appellee caused a local agent of appellant to look at the property with the view of insuring it; that subsequently the agent asked appellee for a description of the property, so that he could write up the policy which had been agreed upon; that appellee said he did not know the description but had a bond for a deed which he would bring him; that afterwards appellee gave the bond to the agent who took the description of the property therefrom, issued the policy above mentioned and received from appellee the premium of $5.50 provided for by the same; that on December 17, 1908, the house and contents were destroyed by fire; that the morning after the fire appellee notified the agent who issued the policy and the latter promised to inform the company at once; that on January 8, 1909, appellee notified the company by letter and a week later, appellant's general adjuster wrote appellee that the matter had been referred to its state agent at Peoria, Illinois; that later appellant's state agent called upon appellee and told him he would pay $150 on the contents of the house but could only allow him $100 on the house; that on February 3, 1909, appellee made out and swore to his proof

of loss and mailed the same to appellant; that on March 25, 1909, the general adjuster wrote appellee that his "so called proof of loss" had been received, the causes leading up to the fire and circumstances with reference to the issuance of the policy had been investigated and that if the information so ascertained was true there was no liability under the policy, closing with the following statement, "Waiving however, none of our defenses, we leave you to take such action as you see fit."

Appellant claims that the court committed reversible error in permitting appellee to testify that the agent of appellant before suit was brought upon the policy, called on him and offered him $150 the full amount of his policy for his loss on household goods and $100 in settlement of the loss on the house, because an offer to settle if not accepted, has no binding force and is not admissible in evidence to affect the merits or claims of the party making the offer. This evidence however while it would not have been proper for the purpose of showing that appellant recognized a right of recovery on the part of appellee, was proper as bearing upon the question whether there was a waiver of that provision of the policy which required that if fire occurred the insured should give immediate notice of any loss thereby in writing to the company.

Appellant further claims that even if the evidence referred to could be held to be proper under a replication setting up a waiver, yet it was wholly inadmissible under the general traverse of the plea. It is not always easy to determine when waivers of conditions imposed by policies of insurance must be specially pleaded.

This court in the case of Merchants' National Ins. Co. v. Pearce, 84 Ill. App. 255, where an insurance company pleaded a breach of condition in a policy against keeping or using gasoline on the premises insured and the insured who brought the suit filed only a traverse, held that the court below erred in admitting testimony tending to show that the agent of the company knew the fact at the time the policy was issued, that gasoline was so kept and had given the in-

sured permission to keep it, saying, "If appellee relied upon waiver or consent, he should have raised such issue in some proper way in his pleadings." A different rule however has been applied by our courts in regard to the pleadings, where waiver of a condition in a policy in regard to furnishing proofs of loss is in question. In such case the waiver is held to be in the nature of *estoppel in pais* and as such need not be pleaded specially.

In German Fire Insurance Company vs. Grunert, 112 Ill. 68, where this question was before the court, it is said in the course of the opinion: "As to the plea that the plaintiff did not furnish proofs of loss etc. it might undoubtedly have been replied that such proof was waived etc.; but it was not indispensable that it should have been so replied to authorize admission of the proof of waiver. The doctrine of waiver in this connection is in substance and effect that of *estoppel in pais* (May on Insurance, sec. 505) and *estoppels in pais,* at common law, need not although they might, be pleaded especially. Here the evidence that plaintiff did not furnish proofs of loss within time etc., is rebutted and overcome by evidence that such proofs were waived,—i. e., in legal effect the fact was admitted and the proofs dispensed with."

We are of opinion that the court below did not err in admitting proof of the waiver of the provision of the policy in regard to giving immediate notice of loss, notwithstanding the fact there was no special replication setting it up.

Appellant further insists that the court erred in refusing instructions 7, 9 and 10 offered by it. Instruction No. 7 referred to the provision, that if fire occurred the insured should give immediate notice of loss in writing to the company, and told the jury if they found from the evidence, appellee did not give such notice, they should find the issues for appellant. This instruction was improper as it wholly omitted any reference to the question of waiver of notice on the part of appellant, which was one of the principal issues in the case.

Appellant's refused instructions No. 9 and 10 appear to

have been fully covered by other instructions given by the court for appellant. Some objection is made to certain instructions given for appellee, but an examination of them shows that they state propositions of law substantially correct as applicable to the facts in this case.

Appellee seems to have been a man of little or no education, testifying on the trial that he could not read type writing and was "a bad scholar." He appears to have correctly informed appellant's agent of the condition of his title and to have given him the bond itself, from which to write the description in the policy. The agent having been fully informed upon the subject of the title such knowledge must also be attributed to appellant, and the latter, having accepted the premium which appellee in good faith paid for his policy, cannot now be permitted to avoid its liability upon the ground that the interest which appellee had in the premises, was not that of an owner in fee. That appellee had an insurable interest in the property in question is well settled.

In Home Ins. Co. v. Mendenhall, 64 Ill. App. 30, it is said "the facts as to his (Mendenhall's) interest were stated to the agent through whom the insurance was effected and he was not misled as to the condition of the title. The plaintiff had entire possession with the exclusive use and enjoyment and a reasonable expectation of becoming the owner in fee. This very clearly gave him an insurable interest." And in the same case in the supreme court (164 Ill. 458) the court quotes approvingly from Wood on Insurance, where it is said: "It is not necessary that the insured should have either a legal or equitable interest or indeed any property interest in the subject matter insured. It is enough if he holds such a relation to the property that its destruction by the peril insured against involves pecuniary loss to him or those for whom he acts. The interest need not be vested. It is sufficient if it exists at the time of the insurance and loss, though contingent, and liable never to attach or be perfected by occupancy or possession." Said case also quotes approvingly the language of Mr. Justice Gray in the case of Eastern R. R. Co. v. Relief Fire Ins. Co., 98 Mass. 420,

where it is said: "By the law of insurance any person has an insurable interest in property by the existence of which he receives a benefit or by the destruction of which he will suffer a loss, whether he had any title in or lien upon or possession of the property itself."

It has also been directly held in another jurisdiction that a party in possession of premises under a bond for a deed has an insurable interest therein. Clapp v. Farmers Mut. Fire Ins. Assn., 126 N. C. 388.

Appellee in view of these authorities, plainly had an insurable interest in the property described by the policy. Some question is raised by appellant as to the value of the house and its contents, and it is claimed that the amount of the loss as fixed by the jury was too high. There was evidence however placing the loss at such figures as fully warranted the jury in fixing the damages at the amount named by them.

The judgment of the trial court will be affirmed.

*Affirmed.*