## Case No. 17,603.

### WHITTLE v. FARMVILLE INS. CO.

[3 Hughes, 421.] [1]

Circuit Court, D. South Carolina. Dec., 1877.

FIRE INSURANCE — PROOFS OF LOSS — WAIVER — MISSTATEMENTS BY INSURED—OVERVALUATION OF PROPERTY—BREACH OF CONDITIONS.

1. Where a local agent of a fire insurance company, after a fire, made out and forwarded for the insured proofs of loss, not entirely in compliance with the requirements of the policy, and the company afterwards objected to paying but on other grounds than such irregularity in the proofs of loss, *held*, that the company thereby waived all objections on that score.

2. If the insured is in apprehension of a fire at the time of taking out a policy, but states that he is not, he is not entitled to recover on his policy.

3. If the insured grossly exaggerates the value of his property at the time of taking out his policy, he is not entitled to recover.

4. The burden of proof is upon the insurer to show violation of the conditions of the policy.

At the trial of this cause before a jury, at which the jury rendered a verdict for the plaintiff [Emanuel Whittle] for the amount of $2,100 for damages by fire, with interest and costs, the court gave the following instructions or charge to the jury bearing upon the evidence in the cause.

BOND, Circuit Justice. If the jury find from the evidence that the property mentioned in the policy of insurance was totally destroyed by fire, and that Whittle, the insured, within a day or two gave notice of its destruction to the agent of the company from whom he got his policy, and requested him to make out his proofs of loss, which the agent did, but not in conformity to the requirement of the policy; and if they find further that the agent wrote to the company stating what he had done, and asking the company to adjust and pay the loss, and that the company replied that they would adjust the same, and then stated what they would do, and that after the adjustment the insurance company refused to pay the loss on other grounds than the incompleteness of the proofs of the loss, and made no objection to them, then these are circumstances from which the jury may find that the company acquiesced in the sufficiency of the proofs, which, if the jury find, the informality of the proofs is not a bar to the plaintiff's recovery. If the jury find from the evidence that at the time of his application for the policy in evidence, the plaintiff Whittle was in apprehension of incendiarism, and represented in his application he was in no apprehension of incendiary fire, then he is not entitled to recover. And if the jury find from the evidence that the plaintiff in his application for insurance and notice of loss grossly exaggerated the value of the prop-

erty insured or burnt, then he is not entitled to recover.

The burden of proof is on the insurance company to show violation of any condition in the policy set up in the answer.