The Home Insurance Co. of New York *v.* Duke.

75 535
6161 638

No. 7331.

THE HOME INSURANCE CO. OF NEW YORK *v.* DUKE.

PLEADING.—*Practice.— Complaint.—Defective Averment.—Substantive Fact.*
—*Defects Cured by Verdict.*—A defective averment in a complaint may
be cured by a verdict; but, if the complaint omits to allege any sub-
stantive fact which is essential to a right of action, and which is not
implied in, or inferable from, the finding of those which are alleged,
a verdict for the plaintiff does not cure the defect.

SAME.—*Policy of Insurance.—Insurable Interest at Time of Delivery and of
Loss.*—A complaint on a policy of insurance against loss by fire is not
sufficient if it show an insurable interest at the time of delivery only.
It should also allege that the assured had an insurable interest at the
time of the loss.

INSURANCE.—*Complaint on Policy Assigned After Loss.—Insurable Interest
at Time of Delivery Insufficient.—Demurrer.*—The complaint on a policy
of insurance assigned after loss, averring that the defendant "did in-
sure" plaintiff's assignor "on *his* one-story frame house," and setting
forth a copy of a policy of insurance "on *his* one-story frame store-
house," "*his* shelving, counters, desks, and scales contained in said
storehouse," sufficiently shows an insurable interest in the assured at
the delivery of the policy, but, failing to aver that he was interested in
the property at the time of the loss, is insufficient on demurrer.

From the Henry Circuit Court.

*W. H. Elliott, T. B. Redding, J. E. McDonald, J. M.
Butler, F. B. McDonald* and *G. C. Butler,* for appellant.

*J. H. Mellett, E. H. Bundy* and *M. E. Forkner,* for
appellee.

BICKNELL, C. C.—The appellant insured William A. Duke
against loss by fire. After a loss had occurred, the policy
was assigned, by endorsement, to the appellee, who brought
this suit against the appellant upon the policy. A demurrer
to the complaint, for want of facts sufficient to constitute a
cause of action, was overruled and the appellant excepted.
An answer was filed in ten paragraphs, of which the first was
the general denial. The appellee demurred to each of the
other nine paragraphs, for want of facts sufficient to con-
stitute a defence. The demurrers were sustained as to the
sixth, ninth and tenth paragraphs, and overruled as to the

second, third, fourth, fifth, seventh and eighth paragraphs, and the parties respectively excepted. The appellee replied in denial of the second, third, fourth, fifth, seventh and eighth paragraphs, and filed a second reply to the third and fourth paragraphs. To this second reply the appellant demurred for want of facts sufficient to constitute a valid reply. This demurrer was overruled and the appellant excepted. The issues were tried by the court without a jury, and there was a finding for the appellee of $339.18. A motion for a new trial was overruled, and the appellant excepted; judgment was rendered upon the verdict, followed by this appeal. The following is the assignment of errors:

1st. The court erred in overruling the demurrer to the complaint.

The second assignment is expressly waived by the appellant.

3d. The court erred in overruling the demurrer to the second reply to the third and fourth paragraphs of the answer.

4th. The court erred in overruling the motion for a new trial.

The objection made to the complaint is, that it "contains no allegation of insurable interest in the appellee or his assignor." The complaint states that the appellant "did insure him, the said William A. Duke, to the extent of $350 on *his* one-story frame house," and the policy of insurance, which is a part of the complaint, contains the following: "Do insure William A. Duke —— on *his* property specified as follows: $300 on *his* one-story frame storehouse ——, $50 on *his* shelving, counters, desks and scales contained in said storehouse." The foregoing averments sufficiently show an insurable interest in the assured at the time of the delivery of the policy. *The Rising Sun Insurance Co.* v. *Slaughter*, 20 Ind. 520. But the complaint should allege that the assured had an insurable interest at the time of the loss also. *The Aurora Fire Insurance Co.* v. *John-*

*son*, 46 Ind. 315. See, also, the forms in 2 Greenleaf Ev., sec. 404, n. 1; 2 Archbold's Nisi Prius, 278. It must be proved that the assured had an interest at the time of the loss, for otherwise he could sustain no loss, and would be entitled to no satisfaction and would have nothing to assign. *Lynch* v. *Dalzel*, 3 Bro. P. C. 497. The complaint was clearly insufficient in failing to state that William A. Duke was interested in the property at the time of the loss.

The appellee claims that, if the averment of interest was defective, it was cured by the verdict; but, as to interest at the time of the loss, here was not merely a defective averment; there was no averment. Sometimes the want of a necessary averment in the complaint is cured by a verdict. *Howorth* v. *Scarce*, 29 Ind. 278; *Purdue* v. *Stevenson*, 54 Ind. 161. And there are many cases in which a defective averment in the complaint is cured by a verdict. *Westfall* v. *Stark*, 24 Ind. 377; *Alford* v. *Baker*, 53 Ind. 279; *Shimer* v. *Bronnenburg*, 18 Ind. 363. But in none of the cases above cited was there any objection to the complaint by way of demurrer. Complaints have been held good after verdict, to which a demurrer would have been fatal. *Gander* v. *The State, ex rel.*, 50 Ind. 539; *Donellan* v. *Hardy*, 57 Ind. 393; *Shaw* v. *The Merchants National Bank*, 60 Ind. 83; *Galvin* v. *Woollen*, 66 Ind. 464; *Parker* v. *Clayton*, 72 Ind. 307. The objection in the case at bar having been taken by demurrer, the verdict will not cure the defect. Where there is not merely an imperfect statement, but no statement at all, the defect is not cured by a verdict, whether a demurrer were interposed or not, unless the omitted matter be implied in, or fairly inferable from, the facts alleged and proved. The rule is thus stated in Gould Pl., Ch. 10, sec. 22: "If the declaration omits to allege any substantive fact, which is essential to a right of action, and which, is not implied in, or inferable from, the finding of those which are alleged; a verdict for the plaintiff does

not cure the defect. Thus *in assumpsit*, if the declaration alleges no consideration, and the jury find a verdict for the plaintiff ; judgment must be arrested. For the fact, that the defendant promised, furnishes no legal intendment or inference, that the promise was founded upon any consideration."

So, in the case at bar, the fact that William A. Duke, the assured, was interested in the property when the policy was delivered, furnishes no legal inference that he was also interested therein at the time of the loss.

The court below erred in overruling the demurrer to the complaint, and the omission in the complaint was not cured by the verdict. The complaint being insufficient, it becomes unnecessary to consider the errors assigned in the subsequent proceedings.

The judgment of the court below ought to be reversed, and the cause remanded, with instructions to permit the appellee to amend his complaint.

PER CURIAM.—It is therefore ordered by the court, upon the foregoing opinion, that the judgment of the court below be, and the same is hereby, in all things, reversed at the costs of the appellee, and the cause is remanded, with instructions to the court below to permit the appellee to amend his complaint.