The Ætna Insurance Company *v.* Kittles *et al.*

No. 8421.

THE ÆTNA INSURANCE COMPANY *v.* KITTLES ET AL.

FIRE INSURANCE.—*Pleading.—Condition Precedent.—" Fulfilled" and " Performed" Equivalent.*—The allegation in a complaint, in an action upon an insurance policy, that "the plaintiffs duly fulfilled all the conditions of said agreement and insurance on their part," is sufficient. The word "fulfilled" is equivalent to the word "performed," as used in section 84 of the code, R. S. 1881, section 370.

SAME.—*Notice, Proof and Demand.*—In such case, a further allegation of due notice and proof of loss, and demand of payment, constitutes no part of the general allegation of performance, but only shows that an action had accrued.

SAME.—*Insurable Interest at Time of Loss.—Complaint.*—A complaint on a policy of insurance must show that the plaintiff had an insurable interest at the time of the loss.

SAME.—*Repayment of Premium.—Cancellation of Policy.—Answer.*—Repayment of unearned premium and a cancellation of the policy constitute a good defence to a complaint on an assigned policy of insurance by the assured.

PLEADING.—*Joint Complaint.*—The complaint of two or more persons must show a right of action in both.

SAME.—*Bad Answer to Bad Complaint.*—A bad answer is good enough for a bad complaint.

PRACTICE.—*Demurrer Carried Back.*—A demurrer to an answer should be carried back and sustained to a bad complaint.

From the Posey Circuit Court.

*W. H. De Wolf, S. N. Chambers* and *W. Loudon,* for appellant.

*A. P. Hovey, G. V. Menzies* and *E. M. Spencer,* for appellees.

FRANKLIN, C.—This is an action by appellees against appellant upon a policy of insurance upon a dwelling-house, against fire, in the sum of $1,500. A demurrer was overruled to the complaint, and a demurrer was sustained to the second, third, fourth and sixth paragraphs of the answer, to which rulings exceptions were reserved. Trial by court, finding for appellees, and, over a motion for a new trial, judgment was rendered for appellees for $1,000.

The following alleged errors have been assigned in this court:

1st. Overruling the demurrer to the complaint.

2d. Sustaining the demurrer to the second, third and fourth paragraphs of the answer.

3d. Sustaining the demurrer to the sixth paragraph of the answer.

4th. Striking out petition for stay of proceedings.

5th. Overruling motion for a new trial.

6th. Overruling motion in arrest of judgment.

The first objection to the complaint is that it does not allege the performance of the conditions precedent, in the policy, to the bringing of the suit.

The policy is made a part of the complaint, and the following averments are made in relation to the performance of the conditions: "That plaintiffs duly fulfilled all the conditions of said agreement and insurance on their part, and sixty days before the bringing of this suit, to wit, on the 25th day of June, 1879, gave defendant due notice and proof of said loss, and demanded payment of said loss of $1,500."

Section 84 of the code reads: "In pleading the performance of a condition precedent in a contract, it shall be sufficient to allege, generally, that the party performed all the conditions on his part; if the allegation be denied, the facts showing the performance must be proved on the trial."

But it is insisted that the use of the word "fulfilled," in this complaint, is not equivalent to the word "performed" in the statute. Webster defines the word "fulfill," in part, to mean to perform what has been promised, commanded or intended; to accomplish; to effect; to complete; to effectuate; to execute. Hence, the word "fulfilled," as used in this complaint, means fully performed, and is equally as strong and emphatic as if the word "performed" had been used. In this particular, the complaint in this case differs very widely from that in the case of *The Home Insurance Co. of New York* v. *Duke,* 43 Ind.

418. In that case, there was no general averment of perform-ance, or anything like it. But there was an attempt to allege spe-cific performance of the conditions precedent, and, only having averred performance of a part of them, and that part imper-fectly, the complaint was held bad. And, in that case, it was held that it was not necessary to resort to the common-law practice of making specific averments of performance; that if the general allegation in accordance with the statute had been made, it would have been sufficient. See, also, *Mason* v. *Seitz,* 36 Ind. 516.

We think the word "fulfilled," as used in this complaint, is near enough synonymous with the word "performed," to hold that its use was a sufficient compliance with the statutory pro-vision for pleading, generally, the performance of conditions precedent. *Richardson* v. *North Missouri Ins. Co.*, 57 Mo. 413; *Ferrer* v. *Home Mutual Ins. Co.*, 47 Cal. 416.

It is further insisted that because the plaintiffs further averred that due notice and proof of said loss had been given to the defendant, it was therefore necessary for them to go on, and specifically aver performance of each of the conditions. We do not think so. The general averment was good without this specification. It constituted no part of the general aver-ment of performance. It only showed that a right of action had accrued.

Another objection to this complaint is, that it does not show any insurable interest of appellee Edwards in the in-sured property at the time of its loss by fire.

The complaint, in order to be good, must show that fact, or some subsequently acquired interest in the policy.

Appellee Kittles owned the property insured; he had mort-gaged it to said Edwards as trustee, to secure a loan from the Equitable Trust Company, of New London, Connecticut, and, on the same day of the execution of the policy to Kittles, ap-pellant's agent executed the following writing: "Whereas the property described in this policy has been conveyed to Jonathan Edwards in trust to secure the payment of a certain

indebtedness to the Equitable Trust Company, of New London, Connecticut, or its assignees, therefore the loss, if any, is made payable to said Jonathan Edwards, trustee, or his successor in trust, as his interest may appear. Now it is agreed that the said trustee or his successor in trust may, at any time, waive in writing his right to recover the amount of loss, if any, under this policy, in which event it shall be paid to said assured or owner of said premises under the provisions of this policy. In testimony that the foregoing provisions are made a part of policy No. 339 of the Ætna Insurance Company, of Hartford, Connecticut, to which they are attached, witness my hand this eighth day of March, 1877.

"WALTER L. SULLIVAN, Agent."

The complaint avers that on the day of the execution of the policy, said "Kittles, by and with the consent of defendant, assigned and transferred said policy to plaintiff Jonathan Edwards, trustee, for the use and benefit of the said Equitable Trust Company." And makes the foregoing a part of the complaint as an exhibit.

This is not an assignment by Kittles; it is executed only by appellant's agent, and, being made a part of the complaint, is to control the allegation in the complaint. And this writing attached to the policy, agreeing to pay the loss, if any, as Edwards' interest may appear, makes it necessary that his interest in the loss should appear in the complaint. There is no other averment in the complaint in relation to Edwards' interest in the property insured or the loss. It was about one year and ten months after the execution of the policy when the property was burned. And there is nothing in the complaint showing when Edwards' mortgage matured, or that it had not been fully paid off before the burning of the property.

There is an averment in the complaint, that, after the insured house was burned, it was rebuilt, and was of as great value as the insured one immediately before the burning. And if Edwards still held any claim by virtue of his mortgage, at the time of the burning, when this suit was commenced, his

security for its payment was not in the least diminished by the burning. It is not claimed that Edwards acquired any interest in the policy after the loss.

The complaint is joint, and a right of action must appear in both the plaintiffs, or it will be held bad on demurrer.

The averments of the complaint do not show any insurable interest of Edwards in the insured property at the time of its loss, and therefore the demurrer to the complaint should have been sustained. *The Home Ins. Co.* v. *Duke,* 75 Ind. 535; *The Aurora Fire Ins. Co.* v. *Johnson,* 46 Ind. 315.

And for the same reasons the demurrer to the 3d paragraph of the appellant's answer should have been overruled. That paragraph averred that on the 18th day of February, 1879, long before the burning of the building insured, the defendant, at the request of the plaintiff Kittles, cancelled said policy of insurance, and then and there paid to him the sum of thirteen dollars, that sum being the ratable proportion of the premium for the unexpired term of said policy, which sum of money was then and there received and accepted by said plaintiff. This was a sufficient answer to the complaint, which did not show a right of action except in Kittles. And if it did not answer the complaint as to Edwards, it was good enough. A bad answer is good enough for a bad complaint. The demurrer should have been sustained to the complaint instead of to the answer.

It is unnecessary to decide the other errors assigned, as they may not again arise in a subsequent trial. For the error in overruling the demurrer to the complaint the judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be and the same is in all things reversed, at appellees' costs, and that the cause be remanded, with instructions to the court below to sustain the demurrer to the complaint, grant the plaintiffs leave to amend, if desired, and for further proceedings.