## THE WESTERN ASSURANCE COMPANY v. McCARTY.

[No. 2,210.   Filed November 17, 1897.]

PLEADING.—*Action or Defense Founded on Written Contract.*—Whenever an action or defense is founded upon a written contract, the original or a copy thereof must be filed with the complaint or answer.  *p. 451.*

SAME.—*Exhibit.*—Where a pleading is founded upon a written contract, a copy of which is filed as an exhibit, the pleading must contain some reference to the exhibit, that its identity may be established.  *p. 451.*

SAME.—*Amended Complaint.*—An amended complaint takes out of the record the original, together with the exhibits which were made a part thereof.  *p. 452.*

INSURANCE.—*Assignment of Policy by Parol.*—A fire insurance policy may be assigned by parol.  *p. 452.*

PLEADING.—*Complaint on Fire Insurance Policy.*—In an action on a fire insurance policy it is necessary that it be alleged in the complaint that the plaintiff was the owner of the property insured and destroyed.  *p. 452.*

SPECIAL VERDICT.—*When It Does Not Cure Defective Complaint.*—A special verdict will not render harmless a defective complaint where the defect consists in the entire omission of a fact essential to the cause of action.  *p. 453.*

INSURANCE.—*Waiver of Proof of Fire Loss.*—Written proof of loss required by a fire insurance policy is waived, where the general adjusting agent of the company procured from the insured a list and value of the property destroyed, and afterwards refused to pay the loss solely on the ground that the property destroyed was mortgaged.  *pp. 453-457*

From the Pike Circuit Court.   *Reversed.*

VOL. 18—29

*Smiley N. Chambers, Samuel O. Pickens* and *Charles W. Moores*, for appellant.

*E. P. Richardson* and *A. H. Taylor*, for appellee.

COMSTOCK, J.—Action brought by appellee against appellant upon a policy of fire insurance executed by appellant, insuring certain personal property belonging to one James W. Kelly, who assigned said policy and claim to appellee, who brought suit upon the same, making said Kelly a co-defendant. Issues were formed and tried upon an amended complaint. To the complaint appellant filed an answer in two paragraphs. First, general denial; second, the incumbrance by mortgage whereby the provisions of the policy were violated and the policy rendered void.

To the second paragraph of answer the appellee replied in three paragraphs. First, general denial; second, that defendant company had knowledge of the incumbrance and thereby waived that provision of its policy; the third charges fraud against defendant in receiving premiums for the policy, knowing at the time that the property insured was incumbered with a chattel mortgage. Defendant Kelly was defaulted and the cause submitted to the court for trial without the intervention of a jury.

At the request of the defendant the court made a special finding of facts and stated conclusions of law thereon. Some days after the trial of the cause, and while the court had the same under advisement, leave was granted plaintiff to file an additional paragraph of complaint, to which ruling appellant, at the proper time, excepted and filed its bill of exceptions. The cause was then continued until the following term of court, when the court filed special findings and conclusions of law thereon. Appellant excepted to each of the conclusions of law. Judgment was rendered upon the finding of facts and conclusions of law, in favor of

plaintiff. Defendant's motion for a new trial was overruled.

The first, second, third, and fourth assignments of error question the sufficiency of the complaint; the fifth is that the court erred in its conclusions of law stated upon the findings, and each of them; the sixth, that the court erred in rendering judgment for the plaintiff against the defendant, the Western Assurance Company; the seventh, the court erred in overruling defendant, the Western Assurance Company's, motion for a new trial.

To the sufficiency of the complaint appellant makes three objections: (1) That no exhibit was filed therewith, and the policy was, in no legal way, made a part thereof; (2) it appearing from the averments of the amended complaint that James W. Kelly, the insured, had sold and assigned the policy of insurance and the claim arising thereunder from said loss, to the plaintiff by delivery, that if it is taken as an averment that the policy had been assigned to the plaintiff by Kelly, the complaint is bad because it does not set out the assignment or indorsement by which the policy was transferred; (3) that there is no averment in the complaint that Kelly, at the time of the loss by fire, was the owner of the property insured and alleged to have been destroyed.

As to the first objection, whenever an action or defense is founded upon a written contract, the original or a copy thereof must be filed with the complaint or answer. *Sinker, Davis & Co.* v. *Fletcher*, 61 Ind. 276; *Petty* v. *Board, etc.*, 70 Ind. 290.

The pleading must contain some reference to the exhibit filed therewith that the identity of the exhibit may appear. *Bennett* v. *Wainwright*, 16 Ind. 211; *Peoria, etc., Ins. Co.* v. *Walser*, 22 Ind. 73, 81.

An amended takes the place of an original com-

plaint. With the original complaint, which is in the record, a copy of the policy was filed as an exhibit. When the amended complaint was filed, the original complaint went out of the record, together with the exhibits which were made a part thereof. *Britz* v. *Johnson*, 65 Ind. 561; *Westerman* v. *Foster*, 57 Ind. 408; *Weaver* v. *Apple*, 147 Ind. 304.

The record discloses that the policy was not made a part of the second paragraph of the amended complaint. The demurrer should therefore have been sustained.

The second objection urged to the complaint is, that neither the first nor second paragraphs of the amended complaint sets out an assignment by Kelly of the policy. The allegation referred to, is, "that after said fire and before the bringing of this action, the said defendant, James W. Kelly, for value received, sold and assigned the policy in suit, and the claim arising thereunder by reason of said loss by fire to the plaintiff herein by the delivery of said policy." This was a claim which could be assigned by delivery, which assignment would give the assignee authority to bring suit thereon, making the assignor or the insured, a party defendant. A contract of insurance may be assigned in parol. *German-American Ins. Co.* v. *Sanders*, 17 Ind. App. 134, and the authorities there cited. The objection was not well taken.

The third objection to the complaint is, that it contains no averment in either paragraph that Kelly at the time of the fire was the owner of the property insured and destroyed. It has been held in a number of cases that this is a necessary averment. *Aurora Fire Ins. Co.* v. *Johnson*, 46 Ind. 315; *Home. Ins. Co.* v. *Duke*, 75 Ind. 535; *Aetna Ins. Co.* v. *Kittles*, 81 Ind. 96; *Indiana Live Stock Ins. Co.* v. *Bogeman*, 4 Ind. App. 237; *Aetna Ins. Co.* v. *Black*, 80 Ind. 513.

For this reason, also, the demurrer should have been sustained. Nor can we say that the absence of this averment of a substantive material fact was harmless because the court made a special finding of facts. We do not understand that the decisions of the supreme and of this court to the effect that an error in overruling a demurrer to a defective complaint is harmless, when there is a special finding of facts, to mean that all defects in pleadings are thus cured. Hackney, J., speaking for the court, said, in *Jones* v. *Casler*, 139 Ind. 382, 388: "Verdicts do not cure defects which consist in the entire omission of facts essential to a cause of action." See, also, *Western Assurance Co.* v. *Koontz*, 17 Ind. App. 54; *Rhodes* v. *Hilligoss, Rec.*, 16 Ind. App. 478.

This is not an instance of a defective averment, but the entire omission of a necessary averment. Nor can a cause be said to have been fairly tried if there be a finding of the existence of a material fact which was not averred in the complaint, and which was not therefore put in issue. See, also, *Lake Shore, etc., R. W. Co.* v. *Kurtz*, 10 Ind. App. 68.

For these reasons the judgment of the trial court must be reversed, but, as the question of the waiver of proof of loss discussed by counsel is likely to arise upon another trial, we pass upon it at this time.

Counsel for appellant contend that the preliminary findings of the court do not show facts to warrant the ultimate finding that the defendant waived the making of proofs of loss. The condition in the policy as to proof of loss reads as follows: "If fire occur, the insured shall give immediate notice of any loss thereby in writing to this company, protect the property from further damage, etc., and within sixty days after the fire, unless such time is extended in writing, by this company, shall render a statement to the company

signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire, the interest of the insured and all others in the property, the cash value of each item thereof, and the amount of loss thereon," etc., etc.

After finding the defendant was a foreign corporation with its domicile at Toronto, Canada, and that one Ashby was the local agent of the appellant at Petersburg, where the property insured was situate, who issued the policy in suit to Kelly, with authority to solicit business and issue policies in its behalf, that in all matters relating to losses incurred by the defendant he communicated directly with Benjamin A. Richardson, who was the general adjusting agent for appellant for the State of Indiana, located at Indianapolis, with full authority to adjust all losses on policies issued in said State, finds that "on the afternoon of the day of said fire said Kelly orally notified said Ashby thereof, and that said Ashby immediately gave notice in writing of said fire to said Richardson, adjusting agent of the defendant at Indianapolis, and to the defendant at Toronto, Canada." "That on the 28th day of February, 1895, said Richardson came to Petersburg and as such adjusting agent held a personal interview with said Kelly and questioned him as to the origin of said fire, and called upon him to name the items of property and the value of each that was destroyed by said fire, and as said Kelly named each item and the value, the same was written down by said Richardson," etc., "giving the list and value of the property." That after making said list, said Richardson and Kelly went to Washington, Indiana, where plaintiff resided, taking said list with them, and on the next day plaintiff demanded of said agent, Richardson, the money due upon said policy and claim, informing him that it belonged to him, plaintiff, and

that he held a mortgage on said property at the time it was destroyed by fire. Whereupon said Richardson refused to pay the same or any part thereof on account of said mortgage, and said that it was the first that he or the defendant had heard of any mortgage upon said property. That the objection made to paying said claim was solely upon the ground of the existence of said mortgage. That no notice or proof of loss has ever been furnished by said Kelly or the plaintiff, except as hereinbefore stated. From these findings, the court found that the defendant corporation, on the 1st day of March, before the bringing of this suit, had waived the proof of loss required by the policy. That the conditions of the policy as to proof of loss may be waived, either expressly or by implication, must be conceded. Such waiver may be created by acts or declarations. *Moffitt* v. *Phenix Insurance Co.*, 11 Ind. App. 233; *German-American Ins. Co.* v. *Sanders, supra,* and authorities there cited.

The requirements of a policy have been held to be waived in numerous cases in which the facts are analogous to those found in the case before us.

In *Fisher* v. *Crescent Ins. Co.*, 33 Fed. 544, a suit for loss under an insurance policy which provided that the insured should give notice in writing forthwith of his loss to the company, it was held, the evidence showing that the plaintiff, the evening after the destruction of his property by fire, gave notice to the local agents of the defendant, who at once communicated the facts to the general agent, who, in a short time afterward, acknowledged receipt of the letter and promised to send an examiner to investigate and adjust the matter, that such notice was sufficient when given with due diligence, and that where the investigating agent thereafter made an examination of the premises and had written a letter to the plaintiff

denying the liability of the company, and making a direct and positive refusal to pay, and setting forth the ground and reason of such refusal, that the proof of loss had been waived by the conduct of the investigating agent.

In *Noyes* v.*Washington County Mutual Ins. Co.*, 30 Vt. 659, it was held that, notwithstanding the conditions of a fire insurance policy required the insured to furnish the insurers with a notice and some proof of the loss within a specified time after its occurrence, still if the insurers make no objection to the want of the particular form of proof, but proceed to reject the claim of the insured wholly upon other grounds, they would be regarded as thereby waiving a compliance with the requirements of the policy in that respect.

In the case last mentioned the insured was informed by the secretary of the company that his claim had been rejected for the reason that the policy had been canceled for non-payment of assessments, the court saying: "This, we think, was clearly a waiver of any right the defendants had by virtue of the by-laws to insist upon any particular form of notice, or kind of proof."

*Aetna Ins. Co.* v. *Sparks*, 62 Ga. 187, was a suit brought under a policy issued by the Aetna Insurance Company to recover for the destruction of property insured thereby. The trial court gave the following instruction to the jury, to which the defendant corporation excepted: "If the loss by fire occurred, and the defendant, or its authorized agent, had notice of the fact, and he viewed the premises, and an appraisement was agreed on, or had, and the matter discussed, and papers prepared and presented relative to the loss, and these negotiations were interrupted, or terminated, by an unconditional announcement from the defendant, or its agent, to the other party that the de-

fendant would not pay, because of want of, or defect of, title, or some question relative to the assignment of the policy, and making no allusion to any other objection, this would be the absolute refusal to pay meant by the law, and would be a waiver by the defendant, of all conditions as to notice and preliminary proof of loss." Upon appeal, the supreme court held the instruction to be in accordance with the law.

In the case of *Whittle* v. *Farmville Ins. and Banking Co.*, 3 Hughes, 421, the court held that where a local agent of the fire insurance company, after a fire, made out and forwarded for the insured, proofs of loss not entirely in compliance with the requirements of the policy, and the company afterwards objected to payment upon other grounds than such irregularity in the proof of loss, that the company thereby waived all objections on that score.

In *McBride* v. *Republic Fire Ins. Co.*, 30 Wis. 562, it was held that when the agent of the insurance company, after examining upon the spot, the circumstances attending the loss, told plaintiffs that he could not recommend the company to pay the loss (for certain reasons), that such conduct and declarations was denial of all liability on the part of the company and a waiver of its rights to demand the usual proofs of loss. In the above case, one of the defenses set up by the insurance company rested upon the ground that the insured, in the written application, falsely represented that they were the owners in fee simple of the real estate upon which the store building insured was situated, whereas, in fact, the title was not in them.

The expressions of the Supreme Court of this State in *Aetna Ins. Co.* v. *Shryer*, 85 Ind. 362, and *Bowlus* v. *Phenix Ins. Co.*, 133 Ind. 106, 120, are in line with the authorities hereinbefore cited. In the two cases last

mentioned, numerous authorities are collected. They are all to the effect that in cases like the one under consideration, a waiver may be implied from the facts and circumstances. See, also, 1 Joice on Insurance, sec. 589, and the authorities there cited.

Payment in the case at bar having been, in effect, refused alone because of incumbrance on the property by mortgage, proof of loss would have been unavailing, and in the language of the court in *Norwich & New York Transportation Co.* v. *Western Mass. Ins. Co.*, 34 Conn. 561, "Presentation of proofs under such circumstances was of no importance to either party, and the law rarely, if ever, requires the observance of an idle formality, especially after the party for whose benefit the original stipulation was made, has rendered conformity thereto unnecessary and practically superfluous." See, also, *Phenix Ins. Co.* v. *Searles* (Ga.) 27 S. E. 779. The facts found show a waiver of proof of loss. The other alleged errors are not likely to occur upon a second trial, and we do not pass upon them.

Judgment reversed, with instructions to the trial court to sustain the demurrer to the amended complaint, and for other proceedings not inconsistent with this opinion.