## INSURANCE COMPANY OF NORTH AMERICA *v.* COOMBS.

[No, 2,034. Filed February 23, 1898,]

PLEADING.—*Amended Complaint.*—*Record.*—An amended complaint supersedes the original, and neither the original complaint nor the demurrer addressed thereto are part of the record on appeal. *p. 332.*

INSURANCE.—*Vacancy of Premises.*—*Complaint.*—*Sufficiency.*—Where a complaint on a policy of fire insurance contains the general averment that all of the conditions of such policy had been complied with, it is not necessary that it specially negative the condition therein concerning vacancy of premises, that such premises were not vacant at the time of the fire. *pp. 333, 334.*

APPEAL AND ERROR.—*Waiver of Error.*—Assignments of error not discussed are waived. *p. 334.*

INSURANCE.—*Ownership of Property Destroyed.*—*Special Verdict.*— A special verdict in an action on a fire insurance policy must show that plaintiff was the owner of the property insured at the time of the fire. *pp. 334, 335.*

SAME.—*Vacancy of Premises.*—A recovery cannot be had on a policy of fire insurance where the premises were vacant at the time of the fire within the meaning of a condition in the policy that if the building should become vacant or unoccupied the policy should thereby terminate. *pp. 335, 336.*

SAME.—*Vacancy of Premises.*—Where a tenant began removing his household effects in the morning, and intended returning in the afternoon of the same day for the remainder of his goods, but while absent a fire occurred, such absence will not amount to an abandonment of the possession of the premises and constitute a vacancy of the premises within the meaning of a clause in a policy of fire insurance providing that if the buildings covered by such policy become vacant or unoccupied the policy shall immediately cease and determine. *pp. 335-339.*

SAME.—*Additional Insurance.*—*Consent.*—A defense in an action on a fire insurance policy that assured had procured additional insurance without notice to defendant cannot be interposed where defendant's agent was also agent of the company which wrote such additional insurance. *pp. 339-341.*

From the Marion Superior Court. *Reversed.*

*Chambers, Pickens & Moores,* for appellant.

*Ayers & Jones,* for appellee.

COMSTOCK, J.—This action was brought by appellee against appellant to recover damages on a policy of insurance executed by appellant to appellee, whereby it agreed to indemnify appellee against loss by fire upon certain buildings described in the policy.   There was a trial by jury, and a special verdict returned, and judgment rendered thereon in favor of appellee. Appellant assigns as errors, (1) that the court erred in overruling its demurrer to the complaint; (2) that the complaint did not state a good and sufficient cause of action; (3) that the court erred in overruling demurrer of appellant to second paragraph of reply of appellee to the second paragraph of appellant's answer; (4) in overruling appellant's motion to strike out portions of the testimony of Eliza Coombs; (5) in overruling appellant's motion to strike out portions of the testimony of J. Hayrend; (6) in overruling appellant's motion for judgment on the special verdict; (7 and 8) in sustaining appellee's motion to amend her complaint after the verdict of the jury had been returned; (9) in sustaining appellee's motion for judgment on the special verdict; (10) in overruling appellant's motion for a new trial.   The first and second assignment of errors challenge the sufficiency of the complaint upon the ground that it contains no averment that the appellee had any interest in the property either at the time the policy was issued or at the time of the loss by fire.   The amended complaint superseded the original, so that it ceased to be a part of the record, together with the demurrer thereto. *Bozarth* v. *McGillicuddy, ante,* 26, and authorities cited.

The second assignment, being that the complaint does not state a good and sufficient cause of action, is addressed to the amended complaint, its sufficiency being here questioned for the first time.   *Bozarth* v. *McGillicuddy, supra.*   An examination of the com-

plaint shows that, before the amendment, the complaint averred that appellant insured appellee against any loss or damage from fire "on her one and two story frame shingle-roof dwelling house and addition attached thereto." The policy is attached to the complaint and made a part thereof and contains the above language. The court over the objection of appellant permitted appellee to amend the complaint, by inserting at the proper place the following words, to wit: "And that said property, at the time of said fire, was, and still is, owned by the plaintiff." As amended, therefore, the complaint is not wanting in the averments named.

Counsel for appellant contend that the complaint is defective for the further reason that it does not aver that the property, at the time of loss was occupied as provided for in the policy. The provision of the policy referred to reads as follows: "If the building covered by this policy should be vacant or unoccupied at the time of granting this insurance or thereafter become so, whether left in charge of any person or not, * * * the policy shall thereupon immediately cease and determine." Appellant's learned counsel cite, in support of this proposition, *Aetna Ins. Co.* v. *Black*, 80 Ind. 513. In that case the policy contained a provision like the one in question in the case at bar, and the court held that the averment that the house was occupied at the time of the fire was necessary. The court, in the opinion, points out several other defects in the complaint. It does not appear that it contained the general averment that the plaintiff had complied with the conditions and stipulations of the policy. The complaint in the case at bar alleges that plaintiff in all respects complied with the conditions and stipulations in said policy on her part to be performed. Such averment

has been held by the Supreme Court of this State in *Phenix Ins. Co.* v. *Golden,* 121 Ind. 524, sufficient where this precise question was presented.    Olds, J., speaking for the court said:  "There is an averment in the complaint that the plaintiff 'has, upon his part, performed each and every act which, by the terms of said policy, he was required to do.'  It is contended by counsel for appellant that the complaint is defective, for the reason that it does not specifically aver that the property was not allowed to become vacant, and that it was occupied at the time it was burned.  If this is a condition precedent, which it was necessary for the plaintiff to aver the performance of to entitle him to recovery, the general averment in the complaint is sufficient.   Section 370, R. S. 1881.   But it may well be questioned whether or not, in the absence of a general averment, this is not a matter of defense, which must be pleaded by the defendant if a vacancy occurred, which would defeat a recovery.   The complaint is sufficient, and the demurrer was properly overruled."   Also see *Home Ins. Co.* v. *Boyd, ante,* 173.

The third assignment of error is the overruling of appellant's demurrer to the second paragraph of reply to the second paragraph of appellee's answer; and as appellant does not discuss it, and expresses the opinion that under recent decisions of this court it is good, it will not be considered.

The fourth and fifth assignments are not discussed and are, therefore, under the familiar rule, waived.

The sixth and ninth assignments being the alleged errors of the court in overruling appellant's and sustaining appellee's motion for judgment on the special verdict will be considered together.   It is claimed that judgment should have been rendered in favor of appellant for the reason that there is no finding in the special verdict that plaintiff was the owner of the

Insurance Company of North America *v.* Coombs.

property at the time the insurance was taken out nor at the time the loss by fire occurred. Interrogatory number two and the answer thereto of the special verdict is as follows: "Did said defendant on the 3d day of November, 1890, through its authorized agent, in consideration of $18.00 paid by the plaintiff to the defendant insure her against any loss or damages from fire not exceeding $2,000.00 from the third day of November, 1890, at noon to the third day of November, 1893, at noon, on her one and two story frame shingle roof dwelling house and addition attached thereto, situate in section five, township ten, range one west, in Union county, State of Indiana? Answer. Yes." This finding sufficiently shows that appellee was the owner of the property at the time of the insurance. The special verdict, however, does not show that appellee was the owner of the property at the time of the fire. While it finds facts which are proper evidence of her ownership, it cannot be said that from them the irresistible legal conclusion can be drawn that she was the owner at that time. For this reason the judgment of the trial court must be reversed, but, as the questions of the occupancy of the property at the time of its destruction and of additional insurance without the consent of appellant are likely to arise upon another trial, we pass upon them at this time.

As another reason why judgment should have been rendered in its favor, appellant contends that the special verdict shows that the premises were not occupied at the time of the loss by fire. The policy contains this provision: "If the building covered by this policy should be vacant or unoccupied at the time of granting this insurance or thereafter should become so, whether left in charge of any person or not, the policy shall thereupon immediately cease and determine."

The decisions are numerous and uniform to the effect that the vacation (within the meaning of the policy) of property insured under policies containing such a provision terminates the insurance and if the property in question was vacant or unoccupied at the time it was destroyed by fire, appellee was not entitled to recover. The following interrogatories and answers thereto show the findings of the jury upon this question: "Interrogatory 51. Was any one occupying the building insured as a dwelling at the time of the fire? Answer. Yes. Interrogatory 52. By whom was the building occupied at the time of the fire, if by any one, as a dwelling? Answer. Charles Stevenson. Interrogatory 53. Who were the tenants at the time of the fire if any of said property? Answer. Charles Stevenson. Interrogatory 54. Where did Stevenson remove his household goods to when they were taken from the building? Answer. Part of them to Liberty, Indiana. Interrogatory 55. What household goods were there in the house insured at the time of the fire, if any? Answer. Baby carriage, one barrel vinegar, meat, suit of clothes and cabbage. Interrogatory 56. Who was the last tenant of the property at the time of the fire? Answer. Charles Stevenson. Interrogatory 57. At what time did Stevenson remove his household goods from the house. Answer He moved a part of them about nine o'clock a. m. on the 28th of November, 1892. Interrogatory 58. At what time in the day did the fire that destroyed the property break out? Answer. About twelve o'clock M. Interrogatory 61. Did Charles Stevenson advise John B. Macy that the property would be vacant? Answer. Yes. Interrogatory 62. At what time did Charles Stevenson advise John B. Macy that the property would be vacant, give day of week, month, year, and hour of day. Answer. Monday, 28th of Novem-

ber, 1892, about 10 o'clock a. m. Interrogatory 63. At what time of day did Charles Stevenson advise John B. Macy that the remainder of the goods would be removed from the building, give day, month, year and hour. Answer. Some time on the evening of the 28th of November, 1892." The jury found that John B. Macy was the agent of appellant.

The occupation of a dwelling house is living in it, its inhabitants being human beings. Its occupation does not require that some person must live in it every moment but that there must not be a cessation of occupancy for any considerable period of time. Whether a house is occupied or vacant must depend upon the facts of each particular case. A long list of adjudicated cases might be cited holding that, under stated facts, properties therein described were vacant, and a large number cited in which the courts have held that property, under the facts therein set out, was not vacant. To do so, however, would not be profitable, because in them the courts have applied practically the same principle of law to different statements of facts. In *Doud* v. *Citizens Ins. Co.*, 141 Pa. St. 47, 21 Atl. 505, the court held that some cessation of occupancy was necessarily incident to a change of tenant, and reasonable time must be allowed to make such change. In *Liverpool Ins. Co.* v. *Buckstuff*, 38 Neb. 146, 41 Am. St. 724, 56 N. W. 695, the supreme court of Nebraska held that one occupying an insured building who partially moved out the day before the fire, leaving in the building a portion of the furniture, that the premises were not vacant, within the meaning of the policy; citing a number of cases. In *Eddy* v. *Hawkeye Ins. Co.*, 70 Iowa 472, 59 Am. Rep. 444, 30 N. W. 808, the tenant had moved out, and the landlord had taken possession and was cleaning it up and

preparing to move, but had not moved, into it, when it was destroyed by fire; and the court held that the house was not vacant. To the same effect see *Phoenix Ins. Co.* v. *Tucker*, 92 Ill. 64, 34 Am. Rep. 106. In *Continental Ins. Co.* v. *Kyle*, 124 Ind. 132, 9 L. R. A. 81, 19 Am. St. 77, it is held that a house from which a tenant or owner had removed, leaving therein some trifling articles of furniture, with no definite intention of removing them, must be regarded as unoccupied. In said cause the policy of insurance upon a dwelling house was conditioned to be void if the house should become vacant. The tenant moved out of the building on the 26th day of March. After he had moved, the parties to whom the owner had previously rented made improvements on the premises, intending to move into the house on April 1st. The improvements were completed on March 30th. The proposed tenant put some hay in the loft of the stable on the premises, and buried some potatoes near the house, the house was destroyed on March 31st. The tenant had not moved into it. The court held that the house was vacant, within the meaning of the policy. In the note to *Moore* v. *Phoenix Ins. Co.*, 64 N. H. 140, 10 Am. St., p. 390, 6 Atl. 27, a great number of illustrative cases are collected. We think it may be fairly said that in the cases in which dwelling houses have been held to be vacant by removal of tenants therefrom, where they have left a portion of their property, the articles were either so inconsiderable in value as to preclude the idea that the owner would return for them, or that they were left with the consent of the landlord without a definite time for their removal.

It appears from the special verdict before us that the tenant was in the act of removing his effects from the house at the time it was destroyed by fire. He

began moving at nine o'clock in the morning of November 28th, and intended to conclude the removal of his household property the afternoon of the same day. But at noon of said day the fire occurred. The goods he had not taken away were not left in the house because they were not needed in housekeeping, or without the intention of returning for them at any definite time,—conditions existing in some of the reported cases in which the houses were held to be vacant. He had notified appellant that the house would be vacant that evening. It does not appear that he was wanting in diligence, nor that he was not proceeding expeditiously in the act of removal. We think it would be an unreasonable rule to hold that as soon as a tenant begins removing his household goods out of a house on which there is insurance, and while the removal is incomplete and while he was temporarily and necessarily absent therefrom for a few hours in making such removal, such absence would amount to an abandonment of the possession which it is the purpose of the policy to prohibit.

The third reason given why the motion of the appellant should have been sustained for a judgment in its behalf, and that of the plaintiff overruled is because from the answers to the interrogatories that no written consent for additional insurance was granted by the defendant to the plaintiff and that the defendant had no notice of any such additional insurance, and that there was $500.00 additional insurance upon the property at the time of the fire in the Aetna Insurance Company. The provision of the policy touching additional insurance is as follows: "The procuring of insurance on said property for more than its cash value or the having of other insurance thereon, or any part thereof, valid or invalid, prior or subsequent, not made known to the company and

consented to herein, the policy shall thereupon unconditionally cease and determine." This provision was set up as one of the defenses to the action, it being averred that the property was thereby insured for more than its cash value.

The special verdict shows that the agent for appellant company was also the agent for the Aetna Insurance Company and that he had possession of the policy in suit for the purpose of doing whatever was necessary to entitle appellee to secure additional insurance. The knowledge of the agent of appellant company was, under the circumstances, knowledge of the appellant, and it must be held to have been taken with the consent of appellant company. There is no finding that there was any fraud on the part of appellee in obtaining the insurance.

The insurance obtained from appellant was less than the value of the property as found by the jury; the insurance in both policies amounting to $2,500.00, and the value of the property having been found to be $2,250.00, the amount of loss being $2,100.00.

Upon the subject of overvaluation, it is said in Wood on Fire Insurance: "The question as to whether a policy containing a condition that the policy shall be void, if the insured shall cause the property to be insured for more than its value, imposes upon the insurer the necessity of ascertaining, at his peril, with *substantial certainty* the actual cash value of the premises, or only applies in case of an intentional overvaluation or a fraudulent concealment, is one upon which there is some conflict. But whatever may be the number of decisions, holding the one way or the other, there can be no doubt that, in conformity with the ordinary rules of construction applied to insurance contracts, and the ordinary principles of justice and fair dealing upon which they are supposed to be predi-

·cated, a policy cannot be held void for the breach of such a condition, unless the over-valuation is intentional and fraudulent, and not a·fair expression of the honest judgment of the insurer, and the fact that the property is considerably over-valued does not, of itself, establish such a fraud upon the part of the assured as avoids the policy.   A fraudulent intent, or intentional purpose to deceive, must be shown, or circumstances that warrant such an inference, and the burden is upon the insurer to establish both the fact of over-valuation and of fraud." Wood on Fire Insurance, p. 563.

As the other alleged errors may not occur upon another trial, we do not deem it necessary to pass upon them.   We do not direct judgment in favor of appellant, believing that the ends of justice will be best subserved by granting a new trial.   Judgment is reversed and a new trial ordered.