THE FARMERS INSURANCE COMPANY, ETC., *v.* BURRIS.

[No. 2,955.   Filed December 14, 1899.]

INSURANCE.—*Complaint.—Ownership of Property.*—A complaint in an action on a fire insurance policy must allege that plaintiff was the owner of the property at the time it was destroyed. *pp. 507, 508.*

SAME.— *Complaint.— Ownership of Property.*—A complaint in an action on a fire insurance policy alleging that plaintiff was the owner of the property at the date of the policy, that the dwelling-house and contents, except certain enumerated articles, were entirely destroyed, and that "plaintiff suffered a total loss, all to his damage, in the sum of $500," does not sufficiently aver that plaintiff was the owner of the property at the time it was destroyed. *pp. 508, 509.*

Fom the Martin Circuit Court.   *Reversed.*

*T. J. Brooks* and *W. F. Brooks*, for appellant.
*A. J. Padgett* and *J. A. Padgett*, for appellee.

COMSTOCK, J.—This action was begun on a policy of insurance in the Daviess Circuit Court, and upon change of venue tried in the Martin Circuit Court.

A demurrer to the complaint for want of facts was over-ruled, and several paragraphs of answer and reply thereto were filed.   The cause was submitted to a jury.   A general verdict was returned in favor of appellee for $237.   With the general verdict answers to interrogatories were returned. The court overruled appellant's motion for judgment on the answers to interrogatories, notwithstanding the general verdict, and rendered judgment in favor of appellee.

The policy sued on was issued on the following items:   A dwelling-house and its foundation, household furniture, wearing apparel, a smoke-house, and provisions therein.

Under the second, sixth, and seventh specifications of the assignment of errors, appellant discusses the sufficiency of the complaint.   The only objection made to the complaint

is that it does not aver that the property destroyed by the fire, and for the loss of which this suit was brought, was at the time of the loss the property of and owned by appellee. Such an averment is necessary. *Insurance Co.* v. *Coombs,* 19 Ind. App. 331; *Western, etc., Co.* v. *McCarty,* 18 Ind. App. 449, and authorities cited. Appellee concedes that such an averment is necessary, but claims that it need not be direct or specific, and that when an insurable interest in the property at the time of the fire may be implied or fairly inferable from the facts alleged, the complaint will be good after verdict.

The complaint contains the following averments: "On the 14th day of September, 1897 [the date of the policy], plaintiff was the owner," etc.; "that thereafter, to wit, on the 4th day of November, 1897, said dwelling-house caught fire, and was totally consumed by said fire, together with the contents thereof, except one feather bed, one clock, six quilts, and one trunk, all of the value of about $10. *That as to all of the other property insured against loss in said policy plaintiff suffered a total loss, all to his damage in the sum of $500.*"

Appellee claims that the words italicized imply ownership. Pleadings are construed most strongly against the pleader. One without being the owner of property may suffer loss by its destruction. The rule that a defect in a complaint will be deemed to be cured after verdict has been applied where its sufficiency is called in question for the first time in an appellate court, upon the ground "that as the complaint was not demurred to it must be held to be sufficient after verdict for the reason that the omissions were probably supplied by the evidence and cured by the verdict." *Cox* v. *Hunter,* 79 Ind. 590.

As heretofore stated, in the cause before us the sufficiency of the complaint was challenged by demurrer in the trial court. The ruling on that demurrer is assigned as error. In the following cases from our courts, it has been held that the

averment in question is essential to a good complaint in actions of the character before us. *Aurora Ins. Co.* v. *Johnson,* 46 Ind. 315; *Aetna Ins. Co.* v. *Black,* 80 Ind. 513; *Aetna Ins. Co.* v. *Kittles,* 81 Ind. 96; *Home Ins. Co.* v. *Duke,* 75 Ind. 535; *Indiana Live Stock Co.* v. *Bogeman,* 4 Ind. App. 237; *Western Assurance Co.* v. *Koontz,* 17 Ind. App. 60; *Western Assurance Co.* v. *McCarty,* 18 Ind. App. 449; *Insurance Co.* v. *Coombs,* 19 Ind. App. 331. These decisions, extending over many years, should not be disregarded.

Upon a second trial, the other questions discussed may not arise, and, in view of the record, we do not deem proper to pass upon them. Judgment reversed, with instruction to the trial court to sustain appellant's demurrer to the complaint.