VERNON INSURANCE AND TRUST COMPANY *v.*
BANK OF TORONTO ET AL.·

[No. 4,071.    Filed October 28, 1902.]

INSURANCE.—*Complaint.*—*Insurable Interest.*—A complaint in an action
on a fire insurance policy must aver ownership by plaintiff or
contain facts showing an insurable interest in the property both
at the time of the issuance of the policy and at the time of the
destruction of the property.

From Marion Superior Court; *J. P. Baker*, Special
Judge.

Action by Bank of Toronto and others against the
Vernon Insurance and Trust Company on an insurance
policy. From a judgment for plaintiffs, defendant ap-
peals. *Reversed.*

*G. A. Deitch, J. W. Holtzman* and *R. J. Brennen,* for
appellant.
*F. Winter* and *C. Winter*, for appellees.

COMSTOCK, J.—Suit upon a policy of fire insurance by
appellees against the appellant. A trial by the court re-
sulted in a judgment in favor of appellee, the Bank of
Toronto, for $913 and costs. The errors assigned are that
the court erred in overruling the demurrer, which was for
want of facts to constitute a cause of action to the com-
plaint; in refusing to permit the appellant to file a demur-
rer to the evidence; in rendering judgment on the evidence
in favor of the appellee; in overruling appellant's motion
for a new trial.

The complaint alleges that the policy was issued to the
John Eaton Company, Limited, and that said company
after the fire sold and assigned to the appellee Bank of
Toronto all its interest in said policy. The objections
urged to the complaint are that it does not show that the
John Eaton Company, Limited, owned the property either
at the time the policy was issued or at the time of the loss.

Among other averments the complaint contains the following: "Said defendant insured and agreed to indemnify the John Eaton Company, Limited, * * * against all direct loss or damage by fire, except as in said policy provided, to said plaintiff's stock of dry goods," etc., "and while contained in the four-story brick, gravel-roof building, situated on the southwest corner of Temperance and George streets, Toronto, Canada. That on the 20th day of May, 1897, said policy of insurance then being in full force, and while said insured property was contained in the four-story brick and gravel-roof building, situated on the southwest corner of Temperance and George streets, Toronto, Canada, said property was destroyed by fire. * * * Said John Eaton Company, Limited, at all times while said policy was in force, and at the time of and since the occurrence of said fire, fully performed all the obligations and conditions of said policy to be performed by it."

The policy, which is made a part of the complaint by exhibit, provides that "the entire policy shall be void if any change other than by the death of the insured take place in the interest, title, or possession of the subject of insurance (except change of occupants without increase of hazard) whether by legal process or judgment or by voluntary act of the insured or otherwise. That the actual cash value of the property so destroyed, was at said time, to wit, $280,-000, which largely exceeded the total amount of the insurance then held by said plaintiff the John Eaton Company, Limited, thereon, whereby the said plaintiff the John Eaton Company, Limited, thereby sustained direct loss and damage in said sum of $280,000."

Because of the foregoing allegations of the complaint, and provision of the policy, appellee claims that the objections to it are not well taken. In numerous cases it has been held that an averment of ownership or of facts showing an insurable interest both at the time of the insurance and of the destruction of the property, is necessary to make

a good complaint. *Indiana, etc., Ins. Co.* v. *Bogeman,* 4 Ind. App. 237; *Farmers Ins. Co.* v. *Burris,* 23 Ind. App. 507; *Aurora Ins. Co.* v. *Johnson,* 46 Ind. 315; *Aetna Ins. Co.* v. *Black,* 80 Ind. 513; *Aetna Ins. Co.* v. *Kittles,* 81 Ind. 96; *Home Ins. Co.* v. *Duke,* 75 Ind. 535; *Western Assurance Co.* v. *McCarty,* 18 Ind. App. 449; *Insurance Co., etc.,* v. *Coombs,* 19 Ind. App. 331. The complaint before us does not make the required showing at the time of the loss. A different conclusion might, perhaps, be reached by strong inference in favor of the pleader, but this could only be done by violating the rule which construes pleadings most strongly against the pleader. The averment of such loss by the insured is a proper averment of damage, but does not show insurable interest.

In *Aurora Ins. Co.* v. *Johnson, supra,*—from the opinion in which appellee quotes,—"all of said property (fully described in schedule A, and filed herewith,) was accidentally and by misfortune totally consumed by fire." The complaint alleged in terms that the insured had an interest in the property destroyed. The court held that the allegations of loss and damage were sufficient. In *Phenix Ins. Co.* v. *Pickel,* 119 Ind. 155, 12 Am. St. 393, cited by appellee, the sufficiency of the complaint was called in question for the first time upon appeal. It was held good. The case is not applicable. When a "complaint is not demurred to, it must be held to be sufficient after verdict, for the reason that its omissions were probably supplied by the evidence and cured by the verdict." *Cox* v. *Hunter,* 79 Ind. 590.

The other questions discussed may not arise upon a second trial. The judgment is reversed, with instructions to sustain the demurrer to the complaint.