## Ohio Farmers Insurance Company *v.* Vogel.

[No. 4,310.    Filed January 13, 1903.]

PLEADING.—*Clerical Error.*—*Insurance.*—A complaint on an insurance policy alleging that "plaintiff on the 6th day of December, 1899, of one dwelling-house, No. 1, situate in Jackson county, Indiana," is not bad for failing to allege ownership; since it is apparent that the words "was the owner" were omitted by clerical error, and could have been cured by amendment in the trial court even after verdict. *pp. 282, 283.*

INSURANCE.—*Ownership of Property.*—*Insurable Interest.*—*Pleading.*—A complaint on an insurance policy which fails to show that plaintiff was the owner of the insured property at the time of the fire, or that he had an insurable interest therein, is bad as against demurrer. *p. 284.*

Ohio Farmers Ins. Co. *v.* Vogel.

APPEAL AND ERROR.—*Demurrers.*—*Exception.*—In an action against an insurance company the record shows that defendant demurred to "the first and second paragraphs of plaintiff's complaint herein, and to each of said paragraphs separately and severally" and upon the overruling thereof "the defendants at the time except." *Held,* that the demurrer was separate and several and that the exception to the ruling thereon was not joint, since there was but one defendant, the use of the word "defendants" in the exception being a clerical error. *pp. 284, 285.*

SAME.—*Complaint.*—*Good and Bad Paragraphs.*—*Judgment.*—Where demurrers to two paragraphs of complaint were overruled and on appeal one paragraph was held to be fatally defective, the judgment cannot be upheld on the ground that there is one good paragraph, where it does not affirmatively appear from the record that the judgment was based upon the good paragraph. *p. 286.*

From Jackson Circuit Court; *T. B. Buskirk*, Judge.

Action by Henry Vogel against the Ohio Farmers · Insurance Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*S. A. Barnes, G. A. Deitch* and *R. J. Brennen*, for appellant.

*W. T. Branaman* and *O. H. Montgomery*, for appellee.

WILEY, J.—Appellee sued appellant upon an insurance policy to recover damages for a loss sustained by fire. The complaint was cast in two paragraphs, to each of which a demurrer was addressed and overruled. Appellant answered in nine paragraphs, and appellee replied by general denial, and also setting up affirmative matter. To the second paragraph of reply the appellant demurred, which demurrer was overruled. Trial by jury. Verdict and judgment for appellee.

Appellant relies for a reversal upon the overruling of its demurrer to the first and second paragraphs of complaint and the second paragraph of reply and overruling its motion for a new trial. The objection urged to the first paragraph of complaint is that it does not aver ownership of property in appellee, or an insurable interest therein, either at the time the policy was issued or when it was destroyed. If the complaint is wanting in these averments,

it does not state a cause of action and is bad. A complaint of this character must contain averments showing that the plaintiff had an insurable interest in the property both at the time of issuing the policy and at the time of its destruction. *Ætna Ins. Co.* v. *Kittles,* 81 Ind. 96; *Home Ins. Co.* v. *Duke,* 75 Ind. 535; *Aurora Fire Ins. Co.* v. *Johnson,* 46 Ind. 315; *Western Assur. Co.* v. *McCarty,* 18 Ind. App. 449; *Farmers Ins. Co.* v. *Burris,* 23 Ind. App. 507; *Western Assur. Co.* v. *Koontz,* 17 Ind. App. 54; *Insurance Co., etc.,* v. *Coombs,* 19 Ind App. 331; *Vernon Ins. Co.* v. *Bank, etc.,* 29 Ind. App. 678.

There is evidently a clerical error in the first paragraph of the complaint, for its first sentence is as follows: "The plaintiff * * * complains of the defendant * * * and says that on the 6th day of December, 1899, of one dwelling-house, No. 1, situate in Jackson county, Indiana; that said defendant on said day, in consideration of the sum of $5.50 paid by the plaintiff to the defendant as premium, executed and delivered to plaintiff a policy of insurance," etc. The words "was the owner," to make the averment complete, are omitted. The omission of these words from the complaint is not fatal. If the matter had been called to the attention of the trial court at any time before final judgment, even after the return of the verdict, and appellee had asked for leave to amend by writing them, it would have been granted, and appellant would not have been prejudiced thereby. Under the rule in this State, where it is apparent that the pleading is at fault by reason of a clerical error, such as appears here, the same should be disregarded, and where the pleading could have been cured by an amendment in the trial court, the Appellate Court will regard such amendment as having been made. *Gable* v. *Seiben,* 137 Ind. 155; *Ross* v. *Banta,* 140 Ind. 120; *Fry* v. *Colborn,* 17 Ind. App. 96; *Albany Furniture Co.* v. *Merchants Nat. Bank,* 17 Ind. App. 93; *Louisville, etc., R. Co.* v. *Steele,* 6 Ind. App. 183; *Kohli* v. *Hall,* 141 Ind. 411;

*Praigg* v. *Western Paving, etc., Co.,* 143 Ind. 358; *Board, etc.,* v. *Lomax,* 5 Ind. App. 567.

But there is a more serious objection to the first paragraph of the complaint. It is averred that the house upon which the policy was issued was totally destroyed by fire on the —— day of April, 1900, whereby appellee was damaged in the sum of $300. There is no averment that appellee was the owner of the property at the time of the loss, or that he had an insurable interest therein. Considering the complaint as showing that appellee was the owner of the property at the time the policy was issued, and had an insurable interest therein, which can only be done by disregarding the clerical error, there are no additional averments constituting a strong enough presumption that he continued to have such insurable interest at the date of the loss. His ownership or insurable interest at the time of loss is an essential fact to his recovery and must be pleaded. The averments in this paragraph are identical, in legal contemplation, to those in the case of *Farmers Ins. Co.* v. *Burris,* 23 Ind. App. 507, and it was there held that the complaint was fatally defective. The authorities above cited are conclusive against appellee as to the sufficiency of the first paragraph of the complaint.

Appellee's counsel have not contended with any degree of earnestness that the first paragraph of complaint is good, but urge that the question of its sufficiency, as raised by the demurrer, is not available, for the reason that the record shows demurrers to each paragraph of the complaint, and shows that they were overruled by the court, to which defendant excepted. The point made is that the exception to the overruling of the demurrer to each paragraph of complaint is joint, and that if either paragraph is good, the error, if any, is not available. In support of this proposition the following authorities are cited: *City of South Bend* v. *Turner,* 156 Ind. 418, 54 L. R. A. 396, 83 Am. St. 200; *Johnson* v. *McCulloch,* 89 Ind. 271.

The record shows that appellee demurred to "the first and second paragraphs of plaintiff's complaint herein, and to each of said paragraphs separately and severally," on the ground that "neither the first paragraph of the complaint nor the second paragraph of complaint states facts sufficient," etc.    It is also shown that the court overruled the demurrer to each paragraph, "to which ruling of the court the defendants at the time except."    The word "defendants" as here used in the record is evidently another clerical error, for there was but one defendant, and it was its separate demurrer that was addressed to the complaint and overruled.

The authorities relied upon by appellee in support of the contention that the record does not present any available error by reason of the exception to the ruling on the demurrer being "joint" are not in point.    In the case of the *City of South Bend* v. *Turner, supra,* there were other defendants beside the city, which alone appealed.    The record in that case showed that "the defendants' demur to each paragraph of the complaint," etc.    Then follows three separate papers, being the separate demurrers of the city to each the second, third, and fourth paragraphs of complaint, and then follows this order-book entry:    "Which demurrers the court overruled, to which ruling of the court the defendants except."    It was held that exceptions thus taken in gross reserve no question, and an assignment of error predicated thereon by one of the exceptors is futile.    The case of *Johnson* v. *McCulloch, supra,* and other cases, declare the same rule.    There is no analogy between the point raised by appellee and the rule declared in the cases cited.

In this case there was but one defendant and its demurrer was separate and several to each paragraph of complaint.    It follows that if either paragraph was defective the exception to the ruling saves the question, under proper assignment of error, for decision.    Although appellant has assigned as error the overruling of its demurrer to the sec-

ond paragraph, it has waived its right to have it considered by failing to discuss it.

Appellee contends that the second paragraph is good, and there being one good paragraph of complaint in the record upon which the judgment could rest, it was not reversible error to overrule the demurrer to the first paragraph, even though it was insufficient. This contention might be upheld if it appeared from the record affirmatively that the judgment was based upon the second paragraph of complaint, but no such showing is made by the record. Having reached the conclusion that it was reversible error to overrule the demurrer to the first paragraph of complaint, it is unnecessary to decide other questions presented, for they may not arise upon subsequent proceedings.

Judgment reversed, and the court below is directed to sustain appellant's demurrer to the first paragraph of complaint.